In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3111

IN RE: FORD MOTOR COMPANY AND
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, as successor to
Bridgestone/Firestone, Inc.,

*Petitioners.*

Petition for a Writ of Mandamus to the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 00-9373-C-B/S, MDL No. 1373—**Sarah Evans Barker**, *Judge.*

SUBMITTED OCTOBER 30, 2002—DECIDED NOVEMBER 13, 2002Œ
OPINION SEPTEMBER 12, 2003

Before KANNE, DIANE P. WOOD, and EVANS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Several hundred products liability lawsuits filed in federal court against Ford Motor Company and Bridgestone/Firestone North American

---

Œ The order issued with a notation that an opinion would follow. Because our decision preceded the opinion, we granted the petitioners an extension of time for filing a petition for rehearing until 14 days after the issuance of this opinion, should they choose to file such a petition. See *Smith v. American Arbitration Ass'n*, 233 F.3d 502, 502 n.* (7th Cir. 2000).

Tire, LLC (Firestone) concerning the allegedly defective designs of certain models of Firestone tires and the Ford Explorer are currently consolidated for pretrial proceedings in the Southern District of Indiana.[1] This matter addresses 121 of those cases. Each case was filed initially in a district court sitting within Alabama, California, Florida, or Mississippi by Venezuelan or Colombian nationals (or their representatives). These plaintiffs claim that they were injured or killed in their home countries in accidents caused by the allegedly defective products.

Ford and Firestone moved to dismiss the cases under the doctrine of *forum non conveniens*, asserting that trial in the courts of Venezuela and Colombia would be more convenient. The district court denied the motions after it concluded, among other things, that the courts of Venezuela were not an available alternative forum, and that even though the Colombian court system provides an adequate alternative forum, on balance, with respect to both Venezuela and Colombia, the private and public interest favored retention of the lawsuits in the United States. See *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 190 F. Supp. 2d 1125 (S.D. Ind. 2002). Ford and Firestone asked the district court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b), but the court denied this motion as well, concluding that Ford and Firestone had not met the requirements for certification. See *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903 (S.D. Ind. 2002). Ford and Firestone then petitioned this court under 28 U.S.C. § 1651(a) for a writ of mandamus

---

[1] Many of these cases have already been resolved by the district court. As a result, this court has already had occasion to consider various other aspects of this complex litigation. See, *e.g.*, *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763 (7th Cir. 2003); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002).

directing the district judge either to grant their motions to dismiss or to certify her order denying their motions to dismiss for interlocutory appeal. In an order dated November 13, 2002, we denied that petition for the reasons set forth in this opinion.

**I**

Mandamus is a drastic remedy traditionally used to confine a lower court to the lawful exercise of its jurisdiction or to compel it to exercise its authority when it has a duty to do so. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (*per curiam*). A writ of mandamus may issue only if the challenged order is effectively unreviewable at the end of the case, it inflicts irreparable harm, and it "so far exceed[s] the proper bounds of judicial discretion as to be legitimately considered usurpative in character, or in violation of a clear and indisputable legal right, or, at the very least, patently erroneous." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995). By their nature, *forum non conveniens* decisions are ill-suited to this remedy. They are instead committed to the sound discretion of the district court, see *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981), and so a litigant's right to a particular result will rarely be "clear and indisputable." *Allied Chemical*, 449 U.S. at 36. Nevertheless, even in the context of discretionary decisions, mandamus remains an appropriate remedy if the trial judge commits a "clear abuse of discretion," see *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953), or "patent[ ] error[ ]." *Rhone-Poulenc Rorer*, 51 F.3d at 1295.

Because mandamus is not a substitute for an appeal, the terms "clear abuse of discretion" or "patent error" are not synonymous with the type of ordinary error that would justify reversal in a direct appeal. See *Will v. United States*, 389 U.S. 90, 104 (1967) (quoting *Bankers Life*, 346 U.S. at

382, 383 (mandamus is not available for all reversible errors; the function of the writ is not to control the decision of the trial court, but rather to confine the trial court "to the sphere of its discretionary power")); *In re Lewis*, 212 F.3d 980, 982 (7th Cir. 2000); *Eisenberg v. United States District Court*, 910 F.2d 374, 375 (7th Cir. 1990); *In re Ralston Purina Co.*, 726 F.2d 1002, 1004-05 (4th Cir. 1984). The petitioner must demonstrate that the error is so serious that it amounts to an abuse of the trial judge's authority. *In re Balsimo*, 68 F.3d 185, 186-87 (7th Cir. 1995); *Rhone-Poulenc Rorer*, 51 F.3d at 1295; *In re Moore*, 776 F.2d 136, 139 (7th Cir. 1985); *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995).

We find no such abuse of authority in the district court's decision here. The nonstatutory doctrine of *forum non conveniens* permits a case to be dismissed if trial in the plaintiff's chosen forum would be oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience, and if it is also true that an alternative foreign forum exists. *Piper Aircraft*, 454 U.S. at 241. In determining whether to dismiss, courts consider whether an adequate alternative forum is available to hear the case, and whether various private and public interest factors clearly indicate that the suggested alternative forum is superior. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802-03 (7th Cir. 1997). The private interest factors considered are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); see also *Kamel*, 108 F.3d at 803. The public interest factors include "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at

home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Kamel*, 108 F.3d at 803 (citing *Piper Aircraft*, 454 U.S. at 241 n.6). The defendant carries the burden of persuading the district court that a lawsuit should be dismissed on *forum non conveniens* grounds. *Ford v. Brown*, 319 F.3d 1302, 1311 (11th Cir. 2003); *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 476 (2d Cir. 2002); *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (*en banc*).

The first question the court resolved was whether the courts of Venezuela provide an adequate alternative forum for that group of plaintiffs. Resolving a conflict in expert testimony, the judge decided that they did not. Whether her ultimate decision to credit the testimony of the plaintiffs' expert, Tatiana B. deMaekelt, who opined that the Venezuelan courts would lack subject matter jurisdiction over these cases, was correct is not the issue. As the Supreme Court held in *Von Cauwenberghe v. Biard*, 486 U.S. 517 (1988), orders denying motions to dismiss for *forum non conveniens* are normally reviewed only after final judgment in a case. Our present task in deciding whether to issue a writ of mandamus is only to determine whether the trial judge usurped her authority. Here, where the court took the question before it seriously, gave careful consideration to the relevant factors that bear on a *forum non conveniens* motion, and came to a reasoned conclusion, there is no sign of such abuse.

Although the district court could have rested its decision with respect to the Venezuelan cases solely on its determination of the availability of that country's courts, it did not do so. Instead, it took the precaution of assuming for the sake of argument that Venezuela's courts were available and it turned to the second part of the inquiry: the balanc-

ing of public and private interests. This step was necessary in any event for the Colombian plaintiffs, because everyone agreed that the Colombian courts were available. On balance, the court concluded, all of the cases should remain in the United States.

Once again, Ford and Firestone have confused the kinds of arguments they might make after a final judgment has been entered and those that are relevant to considering a petition for a writ of mandamus. They urge, for example, that the district court gave too much weight to the foreign plaintiffs' choice of forum. The district court was aware that this was a significant issue in the case, given the interplay between two treaties and the *forum non conveniens* doctrine. The treaties (the *Treaty of Peace, Friendship, Navigation, and Commerce*, June 20, 1836, U.S.-Venez., art. XIII, 8 Stat. 466; and the *Treaty of Peace, Amity, Navigation, and Commerce*, Dec. 12, 1846, U.S.-Colom. (then Republic of New Granada), art. XIII, 9 Stat. 881) are essentially identical. Both provide that the courts of the signatory nations shall be "open and free" to the other's citizens "on the same terms which are usual and customary with the . . . citizens of the country in which they may be. . . ." In short, citizens of treaty countries are entitled to treatment equivalent to that given to U.S. citizens when they appear in courts in the United States.

The district court acknowledged that, while there is usually a strong presumption in favor of the plaintiff's choice of forum, the strength of the presumption is tempered when the plaintiff is a foreign national suing in the United States. See *Piper Aircraft*, 454 U.S. at 255. It chose to follow the approach of the Second Circuit in *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 69 n.2 (2d Cir. 2001) (*en banc*), under which expatriate U.S. nationals and treaty nationals residing in their home countries are entitled to the same degree of deference on their choice of forum as U.S. plain-

tiffs enjoy, but with the consideration that suing in the United States while residing in a foreign country is less likely to be convenient. In the absence of contrary authority from this court (and there is none), this too was a reasoned and responsible analysis which would be subject to appellate review at the end of the case.

The petitioners also raise other arguments, but they all amount to disagreements with the way the court applied the established legal tests. At best, Ford and Firestone may have identified some close calls on questions like the balance between local interests and national interests, or the inconvenience posed by the fact that relevant evidence will be located abroad and will be in the Spanish language. But, to repeat the point, the mandamus remedy is not appropriate for correcting a close call about how to apply particular facts to the law. Otherwise, we would have nothing left of the final judgment rule.

## II

Finally, Ford and Firestone ask us to order the trial judge to certify her order denying their motions to dismiss for interlocutory review under 28 U.S.C. § 1292(b). To certify, the district court must find that the order presents a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Ford and Firestone presented five issues for certification:

(1) Whether the denial of *forum non conveniens*-based dismissal of these cases is consistent with relevant precedents holding that the United States is an in-

convenient forum for products liability cases involving foreign accidents brought by foreign plaintiffs.

(2) Whether a foreign forum may be held to be unavailable solely because of plaintiffs' refusal to file suit in that forum, where the accidents occurred and in which plaintiffs reside.

(3) Whether treaties of friendship between the United States and Venezuela and Colombia require the Court to accord a greater level of deference to a foreign plaintiff who chooses to file suit in the United States.

(4) Whether the Court must analyze the *local* interests of the forum state in any trial, rather than the *general* interest of the United States as a whole.

(5) Whether Fed. R. Civ. P. 44.1 permits the Court to set aside expert submissions on foreign law questions on credibility grounds.

212 F. Supp. 2d at 906 (emphasis in original). The district court found that questions (1) and (2) were not abstract legal issues certifiable under § 1292(b); that (3) was not a controlling question of law as to which there is substantial ground for difference of opinion; and that (4) and (5) were not controlling questions of law because reversal on either ground would not affect the decision not to dismiss. The court additionally found that interlocutory review would not materially advance the ultimate termination of the litigation because the parties would be no closer to resolving their disputes if the suits were dismissed for *forum non conveniens*.

Certification by the district court is a jurisdictional prerequisite to interlocutory review under § 1292(b), and normally the district court's refusal to certify is the end of the matter in this court. *Hewitt v. Joyce Beverages of Wis., Inc.*, 721 F.2d 625, 626 (7th Cir. 1983). Most courts have held that mandamus is not appropriate to compel a district court

to certify under § 1292(b). See *In re Phillips Petroleum Co.*, 943 F.2d 63, 67 (Temp. Emer. Ct. App. 1991); *Arthur Young & Co. v. United States District Court*, 549 F.2d 686, 698 (9th Cir. 1977); *In re Cessna Aircraft Distributorship Antitrust Litig.*, 518 F.2d 213, 216-17 (8th Cir. 1975); *In re Maritime Serv. Corp.*, 515 F.2d 91, 92 (1st Cir. 1975) (*per curiam*); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 755 n.1 (3d Cir. 1975); *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1344 (2d Cir. 1972). See also 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3929, at 373 & n.31 (2d ed. 1996); Note, *Interlocutory Appeals in the Federal Courts under 28 U.S.C. § 1292(b)*, 88 Harv. L. Rev. 607, 616-17 (1975). We agree. This wealth of authority exists for a very good reason. The whole point of § 1292(b) is to create a dual gatekeeper system for interlocutory appeals: both the district court and the court of appeals must agree that the case is a proper candidate for immediate review before the normal rule requiring a final judgment will be overridden. If someone disappointed in the district court's refusal to certify a case under § 1292(b) has only to go to the court of appeals for a writ of mandamus requiring such a certification, there will be only one gatekeeper, and the statutory system will not operate as designed.

In the past, we have not ruled out the possibility of a writ of mandamus in the § 1292(b) context for a truly egregious situation, if it seemed that the district court was seriously abusing its authority, see *Anschul v. Sitmar Cruises, Inc.*, 544 F.2d 1364, 1369 (7th Cir. 1976) (*per curiam*) (quoting *Parkinson v. April Indus., Inc.*, 520 F.2d 650, 660 (2d Cir. 1975) (Friendly, J., concurring)). But the way to secure appellate consideration in such a situation is not by seeking a writ of mandamus to require the district court to certify something under § 1292(b). It is simply to file a petition

for a writ of mandamus directed to the underlying problem. And so we end up right where we started, evaluating whether this particular case is one that warrants extraordinary measures.

Ford and Firestone do not contend that the district court denied certification for an improper purpose; nor do they contend that the district court applied an incorrect legal standard. Rather, they argue only that the district court failed to appreciate the magnitude of this case, and in so doing, it "misapplied" the statute. They assert that the grounds for intermediate review in this case are so strong that mandamus is appropriate to compel certification, and they remind us that *Von Cauwenberghe* confirmed that § 1292(b) is an appropriate avenue to review orders denying *forum non conveniens* motions. 486 U.S. at 529-30. But *Von Cauwenberghe* holds only that orders denying motions to dismiss for *forum non conveniens* do not fall within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and thus that some other avenue for interlocutory relief, such as a § 1292(b) certification, must be used. 486 U.S. at 527. It comes nowhere close to holding that district courts will abuse their discretion if they deny § 1292(b) certifications when they have rejected motions to dismiss for *forum non conveniens*.

### III

This case is one, like many in today's world, that touches more than one country. The tires and vehicles were designed and manufactured in the United States, and they were used in another country. People were injured outside of the United States. Reasonable people can disagree on the question of which country's courts will provide the optimal forum for litigating these issues. The district court here, for the reasons we have explained, did not abuse her discretion so gravely as to warrant the exercise of our mandamus

powers to force a different result. We therefore DENY the petition for a writ of mandamus.

A true Copy:
        Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—9-12-03