# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 04-1827

IN RE: BRIDGESTONE/FIRESTONE, INC.,
　　　TIRES PRODUCT LIABILITY ACTION.

---

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 03-5790-C-B/S—**Sarah Evans Barker**, *Judge.*

---

ARGUED DECEMBER 10, 2004—DECIDED AUGUST 24, 2005

---

Before RIPPLE, MANION, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* José Samuel Mañez-Reyes, a Mexican soccer professional of some note, died on the day after Christmas, 2002, when his Ford Explorer rolled over in Veracruz, Mexico. His family sued the Ford Motor Company and Bridgestone/Firestone, Inc., in Val Verde County, Texas, alleging that a defect in one of the Explorer's Firestone tires caused the accident. After being removed to the Western District of Texas, the case was transferred to the Southern District of Indiana, joining the over 700 cases that are part of the Bridgestone/ Firestone Multidistrict Litigation (MDL). In February 2004, the district court granted in part and denied in part the defendants' *forum non conveniens* motion, which sought to dismiss the four cases stemming from accidents that occurred in Mexico. The court determined that the three accidents involving U.S. resident plaintiffs should be litigated in the United States, while the one complaint

involving a Mexican resident, the Mañez-Reyes case, should be litigated in Mexico. The Mañez-Reyes family appealed. In light of some potentially relevant intervening events, we remand to the district court for further findings.

**I**

The common law doctrine of *forum non conveniens* allows a trial court to "dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). Before a court should grant a defendant's motion, the plaintiff's chosen forum must be "oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience." *In re Ford Motor Co.*, 344 F.3d 648, 651 (7th Cir. 2003) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The district court should not deem itself inconvenient, however, unless the defendant is able to identify an adequate alternative forum. See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947) (noting that the doctrine of *forum non conveniens* "presupposes at least two forums in which the defendant is amenable to process"). After all, it is tough to argue that the present forum—which by definition has both subject matter jurisdiction and personal jurisdiction over all parties—is "out of all proportion to plaintiff's convenience," when the plaintiff has no other options. Assessing whether an alternative forum exists involves a two-part inquiry: availability and adequacy. *Kamel*, 108 F.3d at 802. A forum is "available" if "all parties are amenable to process and are within the forum's jurisdiction." *Id*. at 803 (citing *Piper*, 454 U.S. at 254 n.22). A forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly." *Id*.

If an adequate alternative forum is available, the court decides whether to keep or dismiss the case by weighing various private and public interest factors. See, *e.g.*, *In re*

*Ford Motor Co.*, 344 F.3d at 651. The private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp.*, 330 U.S. at 508. Among the public interest factors are "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unre-lated forum with jury duty." *Kamel*, 108 F.3d at 803 (citing *Piper Aircraft*, 454 U.S. at 241 n.6). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.*, 330 U.S. at 508.

Initially (an important qualification, as we are about to see), the parties agreed that Mexico was an adequate and available alternative forum. The plaintiffs' opening brief addressed only the district court's balancing of the private and public interest factors. On this ground, the plaintiffs argued that although a foreign plaintiff's choice of forum deserves less deference than the choice made by a U.S. citizen or resident, see *Kamel*, 108 F.3d at 803, the court's decision to dismiss their case because they are Mexican citizens and residents was capricious and unfair. We do not approach the district court's decision to dismiss on a clean slate, however. To rule in favor of the Mañez-Reyes family, we would have to conclude that the district court's analysis of the private and public interest factors constituted an abuse of discretion. See *Piper Aircraft*, 454 U.S. at 257 ("The *forum non conveniens* determination is committed to

the sound discretion of the trial court."). On the state of the record as it was before the district court, it would be impossible for us to come to that conclusion. Indeed, from that perspective, the court's decision to hinge its *forum non conveniens* determination on the residence of the plaintiff was quite reasonable.

The MDL is now in its final stages and most of the collective, U.S.-specific information has already been established. Discovery concerning the design and manufacture of the tires ended in 2002 and thus most of the evidence that remains to be collected concerns the particulars of each individual accident. Accident-specific evidence is likely to be found near where the accident occurred or near where the plaintiff resides. In this case, both the residence of the plaintiffs and the location of the accident is Mexico. José Mañez-Reyes's medical, employment, vehicle, and tax records are in Mexico, as is evidence of the family's pain and suffering.

The public interest factors also support the soundness of the district court's decision. The court did not have sufficient evidence to enable it to assess the congestion of Mexican courts, but given the overwhelming docket now being carried by the district courts in Texas, the judge concluded that this factor would be a wash at best. The parties have offered nothing to disrupt this conclusion. As for the respective local interests, the court noted that while the United States has an interest in regulating domestic companies, its interest is matched by Mexico's interest in regulating the use of allegedly defective products within its borders. Mexico also has an interest in protecting the health and safety of its residents. As for pressing jurors into service, the citizens of the Western District of Texas have no connection to the Mañez-Reyes accident. The family does not reside there, the accident did not occur there, and the tires at issue were neither designed nor manufactured there.

## II

Given the reasonableness of the court's conclusion and particularly given the abuse of discretion standard of review we apply to *forum non conveniens* decisions, this case looks like an easy candidate for a straightforward affirmance. But there is a wrinkle. The parties notified this court that while this appeal was pending, the Mañez-Reyes family sued Bridgestone/Firestone and Ford in the Fourth Court of First Instance for Civil Cases of the First Judicial District in Morelos, Mexico. That court determined that it did not have jurisdiction to hear the case, a ruling "confirmed" by the Auxiliary Chamber of the Supreme Court of Justice of the State of Morelos. The Morelos Court of First Instance determined that because "the defendants have their main administration outside the territory of Mexico, [and because] the acts charged and that constitute the grounds for the lawsuit, consisting of the design and manufacture of a tire and a vehicle, were performed by persons legally independent of the person whose domicile is located within the territory of this court . . . , it is appropriate to declare the lack of jurisdiction of this Court to try the matter brought before it." Essentially, the court found that it did not have personal jurisdiction over Ford and Bridgestone/ Firestone. Thus, on the face of things, it appears that the very first *forum non conveniens* requirement—an available alternative forum—is no longer satisfied. Mexico, apparently, has refused to hear the case.

We gave the defendants an opportunity to respond to the judicial documents tendered to this court by the plaintiffs. In a nutshell, the defendants urge us either to disregard those documents or to conclude that they are insufficient to prove that a Mexican forum is truly unavailable. First, the defendants argue that we should ignore the Morelos courts' rulings because the plaintiffs have waived the right to argue that Mexico is an unavailable forum. Yet waiver does not apply on these facts. Assuming

the plaintiffs acted in good faith (an issue to which we shall turn in a moment), the plaintiffs could not have known that Mexico would reject their claims. At the time the district court ruled, there was (as it said) "no indication that the Mexican courts would not accept" the defendants' stipulation submitting to personal jurisdiction in Mexico.

Given the shared assumption that Mexico would take the case, we thought it appropriate to take judicial notice of the existence of the rulings of the Mexican courts that the plaintiffs proffered. But we emphasize that it is only the existence of these rulings we are recognizing; as we explain below, we make no assumptions about what those rulings do or do not establish. It would be unfair, however, to pretend that nothing had occurred at all, particularly because the district court's assumption about the availability of a Mexican forum might, in the end, prove to be erroneous. *Cf. McKnight v. General Motors Corp.*, 908 F.2d 104, 108 (7th Cir. 1990) ("A party should be allowed to take advantage of a decision rendered during the pendency of his case, even if he had not reserved the point decided, if the decision could not reasonably have been anticipated.").

Our caution about the actions of the Mexican courts arises from information proffered in the defendants' responses. According to the defendants, a suspicious haze surrounds the plaintiffs' actions in Mexico. The plaintiffs apparently did not inform Bridgestone/Firestone of the Mexican proceedings nor did they inform the Morelos courts of the on-going proceedings in the United States. The plaintiffs insist that they did not have to notify the defendants because, "in Mexico a defendant is notified of a lawsuit and is required to respond only pursuant to a court order admitting the case for further proceedings, which is issued only *after* the Mexican trial judge first makes a determination . . . that the court . . . has jurisdiction to hear the case." As for informing the Morelos court of the proceedings north of the border, the plaintiffs contend that this

information "would not have been relevant to the Morelos trial judge's determination of domicile for the purposes of jurisdiction." The defendants disagree. They argue with some force that the Morelos court would have asserted jurisdiction over the complaint had it known that the defendants were willing to submit to its jurisdiction.

It is also unclear why the plaintiffs sued the defendants in the Mexican state of Morelos instead of Veracruz, where the accident occurred. The plaintiffs contend that they had to file in Morelos because it is the only state in Mexico where the defendants are domiciled. According to submissions by the plaintiffs' expert on Mexican law, the plaintiffs' claim could "be prosecuted only in the forum where the defendant responsible for the design or manufacture of the product is domiciled in Mexico." This too may or may not be so. Before the district court, the defendants submitted declarations from two Mexican law professors who assured the court that the Veracruz courts would accept the case so long as the defendants did not object. The plaintiffs did not contest these conclusions at the time.

While we have substantial misgivings about the plaintiffs' actions, we do not have an adequate record to assess whether the plaintiffs' actions were taken in good faith. Given these uncertainties, we believe it prudent to vacate the district court's dismissal and order a remand so that the district court can thoroughly explore the circumstances surrounding the Morelos decisions. See *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246-47 (2d Cir. 2001) (remanding the district court's *forum non conveniens* dismissal after a key Pakistani law was repealed while the plaintiff's appeal was pending). If the district court determines that the plaintiffs acted in good faith and that the Mexican court decisions are entitled to recognition here, those decisions establish that Mexico is not an available forum. If it is not available, the Mañez-Reyes family should be able to

continue to pursue their claim against the defendants in the United States. If, however, the court concludes that the Morelos decisions are not entitled to recognition or that the plaintiffs did not act in good faith and manipulated the dismissal of their case in Mexico, the district court should regard itself as free once again to dismiss this complaint. Although it is possible that as a matter of Mexican law, a court in Veracruz might honor the Morelos decisions no matter what, for purposes of U.S. law a forum may not become unavailable by way of fraud.

### III

For these reasons, we VACATE the district court's decision and REMAND for further proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*