RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with my colleagues in the majority that the dismissal of this case on forum non conveniens grounds is reviewed for an abuse of discretion. I also agree that the district court acted within its discretion when it granted the Defendant’s motion to dismiss. Nevertheless, the majority goes further and holds that the district court must now reconsider its admittedly correct ruling. I expressly decline to join that portion of the majority opinion. I am not *1033 convinced that we “are therefore compelled to address the fact that Mexico has declined to accept jurisdiction.” Majority Opinion, p. 1030. Indeed, the fact that a court in Mexico declined to accept jurisdiction says nothing about whether Mexico was an alternative forum for Plaintiffs’ lawsuit. Indeed, courts in this country routinely dismiss cases due to a lack of jurisdiction for a variety of reasons. See e.g., Sackett v. U.S. E.P.A., 622 F.3d 1139, 1147 (9th Cir.2010) (dismissing case for lack of subject matter jurisdiction); Kelly v. Fleetwood Enter., Inc., 377 F.3d 1034, 1039-40 (9th Cir.2004), as amended (dismissing case for failure to meet the amount in controversy); Sapp v. Kimbrell, 623 F.3d 813, 828 (9th Cir.2010) (dismissing case for failure to exhaust administrative remedies); Marley v. United States, 567 F.3d 1030, 1038 (9th Cir.2009), as amended (dismissing case for failure to file the action within the applicable period of limitations). I doubt that anyone would interpret those rulings as determinations that those courts were not available to the Plaintiffs. Indeed, our precedent is to the contrary. See e.g., Hensley v. United States, 531 F.3d 1052, 1056-58 (9th Cir.2008) (lamenting that the statute of limitations “makes it impossible to enforce what was otherwise a valid claim.”).
Unlike the majority, I am not persuaded that the reasoning of In re Bridgestone/Firestone, Inc., 420 F.3d 702 (7th Cir.2005) should be followed.
In the Bridgestone case, the Seventh Circuit remanded the case to the district court after the Plaintiffs informed the appellate court that the Mexican court declined to assume jurisdiction. See id. at 706. As in this case, significant questions were raised regarding the actions of the plaintiffs in the Mexican courts that contributed to the determination of a lack of jurisdiction. See id. Notably, the Seventh Circuit did not state that any precedent compelled a remand. Rather, the Court remanded because it “believe[d] it prudent” to do so. Id. I disagree that it is prudent to remand a case where the remand essentially rewards a party who has sought remand on a cloudy record before a tribunal outside this country. If we follow the Seventh Circuit’s example, we will simply encourage litigants to manipulate the legal system to procure a more favorable forum.
The only authority cited by the Seventh Circuit was Bank of Credit and Commerce Int’l (Overseas) Ltd. v. State Bank of Pakistan, 273 F.3d 241, 246-47 (2d Cir.2001). See id. at 706-07. However, that case presented a totally different set of facts. In Bank of Credit and Commerce, the district court relied on the Pakistani Banking Act to support its finding that an alternative forum existed. See 273 F.3d at 246. After the Second Circuit was made aware that the Banking Act had been repealed, it remanded the forum non conveniens determination to the district court for further consideration. See id. at 246-47. The Second Circuit’s remand was predicated on the occurrence of an objectively verifiable event, the repeal of a statute. In contrast, the circumstances the Seventh Circuit considered and those we confront would require a trial to sort out the degree to which the plaintiffs manipulated the legal system in Mexico to precipitate a dismissal.
There is no dispute that the district court’s decision dismissing the case was correct. There is considerable dispute regarding whether the dismissal in Mexico resulted from plaintiffs’ shenanigans. I see no reason to disturb the district court’s correct resolution of this case in view of the murky basis for the requested remand, especially considering our extremely narrow review of forum non conveniens de *1034 terminations. See Loya v. Starwood Hotels & Resorts Worldwide, Inc., 583 F.3d 656, 664 (9th Cir.2009) (“[T]he forum non conveniens determination is committed to the sound discretion of the trial court and may be reversed only when there has been a clear abuse of discretion.”) (citation and parentheses omitted).
In the nearly six years since In re Bridgestone was decided, no other court has followed its lead. We should not be the first. Rather, we should affirm the district court’s decision that no one challenges as incorrect. Because the majority opinion, in my view, goes astray by following the Seventh Circuit’s ruling, I respectfully dissent.