NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: FORTINET, INC.,**
*Petitioner*

---

2020-120

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in No. 1:18-cv-01018-CFC-MPT, Judge Colm F. Connolly.

---

## ON PETITION AND MOTION

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

## O R D E R

Fortinet, Inc. petitions for a writ of mandamus vacating the United States District Court for the District of Delaware's order denying Fortinet's motion to dismiss and remanding for reconsideration.  Fortinet also moves to stay the underlying proceedings pending its petition to this court for a writ of mandamus. British Telecommunications plc and BT Americas, Inc. (collectively, "BT") oppose the petition and the motion.  Fortinet replies.

BT filed this suit against Fortinet in the District of Delaware, asserting claims that Fortinet had infringed its patent by making, using, offering to sell, selling, and/or importing in the United States various accused products. Fortinet moved to dismiss the case under the doctrine of *forum non conveniens*, invoking a prior agreement establishing a global commercial relationship between British Telecom and Fortinet that included a forum selection clause whereby the parties had agreed to "submit to the exclusive jurisdiction of the English courts in relation to contractual and/or non-contractual obligations."

The district court denied Fortinet's motion. Relying on *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981) ("At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum.") and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), the district court concluded, over Fortinet's objection, that it could consider the adequacy of the alternative forum in its *forum non conveniens* analysis. In doing so, the district court concluded that dismissal would not be in the interest of justice here because there was "a real question" about whether plaintiffs could bring in England their infringement claims of United States patents.

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). A petitioner must satisfy three requirements: (1) the petitioner must "have no other adequate means to attain the relief" desired; (2) the petitioner must show that the "right to issuance of the writ is clear and indisputable;" and (3) the petitioner must convince the court that the writ is "appropriate under the circumstances." *Id.* at 380–81 (internal quotation marks and citations omitted).

Because orders denying motions to dismiss for *forum non conveniens* are normally reviewable after final

judgment, *see In re Orange, S.A.,* 818 F.3d 956, 963 (9th Cir. 2016), courts generally limit review on mandamus to making sure that the district court "took the question before it seriously, gave careful consideration to the relevant factors that bear on a *forum non conveniens* motion, and came to a reasoned conclusion," *In re Ford Motor Co.,* 344 F.3d 648, 652 (7th Cir. 2003).

Outside the context of a forum selection clause, this court has already addressed the importance in a *forum non conveniens* analysis to consider the adequacy of a forum with regard to claims of intellectual property infringement that occurred in the United States. In *Halo Creative & Design Ltd. v. Comptoir Des Indes, Inc.,* 816 F.3d 1366, 1371 (Fed. Cir. 2016), this court made clear that "[t]erritoriality is always of concern in intellectual property disputes" since "[i]t cannot be assumed that a foreign court would adjudicate an intellectual property dispute where the alleged infringement occurred elsewhere[.]"

We held in *Halo* that the moving party, here Fortinet, bears the burden of persuasion in demonstrating the adequacy of the alternative forum. *Id.* The district court concluded that Fortinet had failed to make such a showing, noting that it had only been able to cite cases in which English courts had construed claims of a United States patent in the context of a licensing dispute and had failed to cite any English case or statute that provides assurance that an English court could or would assert jurisdiction over a United States patent infringement action.

Fortinet contends that the existence of the forum selection clause here changes the calculus. There is first the question of whether the forum selection clause applies at all here. BT notes that BT Americas did not sign the agreement and separately raises legitimate questions concerning whether the scope of the clause extends to the asserted patent infringement claims. And even putting those issues aside, there is the question of whether Fortinet has met the

exacting standard for mandamus relief.  Although it is true that in *Atlantic Marine Construction Co. v. United States District Court for Western District of Texas*, 571 U.S. 49, 63 (2013), the Supreme Court stated that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases" (internal quotation marks and citation omitted), *Atlantic Marine* was a 28 U.S.C. § 1404(a) case and did not address the question of whether courts are precluded from considering the availability of the alternative forum in the course of conducting its *forum non conveniens* doctrine analysis.

Moreover, courts since *Atlantic Marine* have, at best, expressed differing views on this issue.  *Compare Azima v. RAK Inv. Auth.*, 926 F.3d 870, 875 (D.C. Cir. 2019) (stating that "if we are dealing with an applicable, mandatory, valid, and enforceable forum-selection clause, we need not ask whether the location it identifies is available, adequate, or best for the parties' private interests"), *with id.* at 875 n.2 (acknowledging that "some courts have left open the possibility that they will consider whether the preselected forum meets these criteria"); and *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017) (suggesting that after *Atlantic Marine* a court in the Third Circuit should still consider in its analysis "the availability of an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable").

We need not resolve this question in this case.  Even with some regional circuits calling into question the need to assess the availability of the alternative forum in a *forum non conveniens* analysis when there exists an applicable, mandatory, valid and enforceable forum-selection clause, with other courts, including the regional circuit in which this case arose, seemingly going the other way, it simply is not indisputably clear that Fortinet has established a right to dismissal under the doctrine of *forum non conveniens*.  Given the additional questions surrounding

the applicability of the forum selection clause here, we must conclude that mandamus relief is inappropriate.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The motion to stay is denied as moot.

FOR THE COURT

May 1, 2020          /s/ Peter R. Marksteiner
Date                 Peter R. Marksteiner
                     Clerk of Court

s29