Asif **SAYEED, David Lutz, American Health Care Providers d/b/a American HMO, and Ramesh Joshi, Appellants (Defendants and Third–Party Plaintiffs Below),**

v.

**John J. DILLON, III, as Liquidator of Physicians Choice of Northwest Indiana, Inc., Appellee (Plaintiff Below),**

and

**Department of Insurance of the State of Indiana by John J. Dillon, III, and in his capacity as Commissioner of the Department of Insurance of the State of Indiana, and as Rehabilitator, Appellees (Third–Party Defendants Below).**

No. 49A02–9004–CV–00233.[1]

Court of Appeals of Indiana, First District.

June 18, 1991.

---

1. This case was reassigned to this office on May 17, 1991.

Frederick J. Ball, Timothy G. Kline, Goodman Ball & Van Bokkelen, Professional Corp., Highland, for appellants.

Linley E. Pearson, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Joe C. Emerson, Baker & Daniels, Indianapolis, for appellee.

ROBERTSON, Judge.

Asif Sayeed, David Lutz, American Health Care Providers d/b/a American HMO, and Ramesh Joshi bring this consolidated interlocutory appeal from two adversary proceedings brought as part of the liquidation of Physicians Choice of Northwest Indiana, Inc., an insolvent Indiana prepaid health care delivery plan. The liquidation proceedings were filed in Marion County as required by statute. The appellants argue the trial court erred by denying their motion for a change of venue to Lake County or to another northwestern Indiana County. The appellants raise three issues, none of which constitute reversible error.

FACTS AND PROCEDURAL POSTURE

John J. Dillon, III, as the Commissioner of the Department of Insurance of Indiana [insurance commissioner or commissioner], filed an action to liquidate Physicians Choice of Northwest Indiana [PCNI], an insolvent Indiana prepaid health care delivery plan. PCNI primarily conducted business in Lake, Porter, LaPorte, Newton, and Jasper Counties, all located in the northwest of Indiana.

During the course of administering the liquidation, the commissioner/liquidator filed two adversarial actions against the Appellants—who were former directors and managers of PCNI—seeking to recover funds allegedly due the insolvent Prepaid Plan's estate. These two adversarial proceedings are the subject of this consolidated interlocutory appeal.

The appellants filed motions for a change of venue. They sought and continue to seek to have the two adversarial cases venued in Lake County or another county in northwestern Indiana more convenient for them. After entertaining oral argument, the trial court denied the appellants' motions finding:

1. This Court lacks authority in this case to order a change of venue to Lake County, Indiana, the defendants having failed to show their right to a change of venue pursuant to any statute or rule of court; and

2. Even if the Court had discretion to order a change of venue to Lake County, Indiana, on the facts and arguments presented, the Court would exercise its discretion to deny the request, the defendants having failed to establish inconvenience to defendants sufficient to outweigh plaintiff's choice of venue and the inconvenience to plaintiff and third-party defendants of trying the case in Lake County.

The Appellants bring this interlocutory appeal raising three issues which are interrelated, dependent upon one another, and which follow a logical progression. We believe the logical progression of Appellant's argument may be restated as 1) the trial court had the authority—within the province of its discretion—to transfer venue to a northwestern Indiana county, and 2) the trial court abused this discretion by failing to transfer venue to a northwestern Indiana county. The Appellants' success in this appeal requires that both steps in the progression of its argument have merit. We agree with the trial court's conclusion that it lacks the authority to transfer venue to any of the northwestern Indiana counties in which the appellants wish to litigate. As this determination is fatal to the merits of this appeal, we address only one issue which we have divided into three (3) sections. This issue may be restated as:

whether the Marion County circuit court, presiding over the liquidation of a prepaid healthcare delivery plan, has the authority to transfer venue to a noncontiguous county?

## DECISION

PCNI is a prepaid health care delivery plan formed under IND.CODE 27–8–7. As such, the present liquidation proceedings are governed by the provisions of IND. CODE 27–9–1–1 et seq. I.C. 27–9–1–1(7). Proceedings for liquidation under these provisions may only be brought by the insurance commissioner. I.C. 27–9–1–3(a). The receiver appointed in a proceeding under this article is authorized to pursue all appropriate legal remedies against any director, officer, manager, agent, broker, employee, or other person or entity on behalf of the insurer. I.C. 27–9–1–3(d). All action authorized by I.C. 27–9–1–3 must be brought in the Marion County circuit court. I.C. 27–9–1–3(f).

Pursuant to the above statutory scheme, the present liquidation proceedings and the two adversarial actions were filed in the Marion County circuit court. The appellants concede that Marion County is a county of preferred venue under Ind.Trial Rule 75(A)(8) which provides that preferred venue lies in:

the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding.

### I.

Whether the statutory scheme for the liquidation of prepaid health care delivery plans grants the trial court authority to transfer venue of actions arising out of the liquidation proceedings to counties not contiguous to Marion County?

Appellants assert that the provisions governing the liquidation of prepaid health care delivery plans, I.C. 27–9–1–1 et seq., grant the trial court the authority to transfer venue to a northwestern Indiana County under the circumstances present in this case. In any action brought by or against a receiver appointed in a proceeding under I.C. 27–9–1–1 et seq., an automatic change of judge or change of venue from the Marion County circuit court may

not be granted. I.C. 27–9–1–3.5. A change of venue from the Marion County circuit court in such an action shall be granted only upon the filing of a verified application alleging and demonstrating one (1) or more of the grounds specified for a change of venue set forth in IND.CODE 34–1–13–1.

In the present case, Appellants filed a verified application for a change of venue alleging—pursuant to the fifth specification of I.C. 34–1–13–1—that the convenience of witnesses and the ends of justice would be promoted by a change of venue to a northwestern Indiana county. When a change of venue is directed for the fifth specification of I.C. 34–1–13–1:

> the court or judge shall designate the county to which the venue shall be changed, which *may* be in the same or in an adjoining circuit, as may be deemed best for the furtherance of justice....

I.C. 34–1–13–2 (emphasis added). None of the counties that the Appellants seek to have venue changed to, including Lake County, are in or constitute judicial circuits that adjoin Marion County.

The Appellants focus on the use of the word "may" highlighted in I.C. 34–1–13–2 above. They argue that the legislature's use of the word "may" instead of "shall" indicates that there is no imperative or mandatory limit upon the trial court's authority under the statute to transfer a case only to an adjoining county. Instead, the appellants argue the statutory scheme permits the trial court—within the exercise of its discretion—to transfer venue to any county it deems to be the most appropriate or convenient.

We characterize Appellant's statutory construction of these provisions as specious. The statute upon which the Appellants rely, I.C. 34–1–13–1, was enacted in 1881 and has been in continuous effect since that time without amendment. *Acts 1881*, c. 38 § 255. As a practical matter, the fifth specification of I.C. 34–1–13–1 has been superseded in modern times by T.R. 76 which allows an automatic change of venue in civil actions to an adjoining county without the necessity of showing inconvenience or other prejudice. We believe that the only logical interpretation of I.C. 34–1–13–2—to the extent it needs interpretation—is to read it as being consistent with T.R. 76, that is, as permitting a change of venue only to an adjoining circuit/county. We believe it is clear that the General Assembly, in enacting the special venue provisions for the liquidation of prepaid health care delivery plans, intended to limit the ability of litigants to change venue from the Marion County circuit court. The automatic change of venue provisions of T.R. 76 were eliminated. I.C. 27–9–1–3.5. We hold that change of venue provisions applicable to the present liquidation proceeding must be read consistently with T.R. 76. We cannot believe that our legislature intended to authorize the transfer of insurance liquidation cases from Marion County to the far corners of the state.

We conclude that the statutory scheme governing the liquidation of prepaid health care delivery plans under I.C. 27–9–1–3.5 et seq.—which severely limits the ability to transfer venue from the Marion County circuit court—provides no authority for a transfer of venue of the present cases to any other county not contiguous to Marion County. Therefore, we find no error.

## II.

Whether Ind.Trial Rule 75 permits the trial court to transfer venue of the present cases to a northwestern Indiana county?

■ Appellants concede that Marion County is a county of preferred venue under T.R. 75(A)(8). However, they assert that Lake County is also a county of preferred venue under T.R. 75(A)(1) because it is the county where the greater percentage of the individual defendants reside. The Appellants argue that the counties of preferred venue listed in T.R. 75 are listed in descending order of preference and therefore—under the present circumstances—Lake County (preferred under T.R. 75(A)(1)) is favored over Marion County (preferred under T.R. 75(A)(8)). Appellants conclude—in effect—that in the present case, Lake County is to be preferred over Marion County and it is within the trial court's discretion to transfer venue to Lake County.

 We rejected a similar argument in *Hootman v. Finance Center Federal Credit Union* (1984), Ind.App., 462 N.E.2d 1064. In *Hootman,* we noted that although the subdivisions of T.R. 75(A) were stated disjunctively, no inherent preference of one over another may be inferred from those numbered alternatives. *Id.* Each of the subdivisions of T.R. 75(A) defining counties of preferred venue are equally preferred. *Id.* When the plaintiff elects to bring suit in any county qualifying as a county of preferred venue under subdivisions (1) through (9) of T.R. 75(A), the defendant has no right to complain except as he or she may obtain relief under some other trial rule or statutory provision. *Board of Comm'rs of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, *trans. denied.*

As Marion County is a county of preferred venue under T.R. 75(A)(8), the trial court has no authority under T.R. 75 to transfer these cases to any other county of preferred venue. Therefore, we find no error.

### III.

Whether the trial court has authority under Ind.Trial Rule 4.4(C) to transfer the present cases to a county more convenient for the Appellants?

 The doctrine of forum non conveniens is recognized under T.R. 4.4(C) and permits the trial court to transfer jurisdiction or order litigation to be held elsewhere under such reasonable conditions as the trial court in the exercise of its discretion may determine to be just. T.R. 4.4(C). Appellants argue that they have demonstrated that a northwestern Indiana county is a more convenient and more logical place to litigate the present cases. Therefore, they urge that the trial court has the authority under T.R. 4.4(C) to transfer the litigation to northwestern Indiana.

The forum non conveniens provisions of T.R. 4.4(C) do not provide for intrastate transfers of venue. *Matter of Trust Created Under Agreement* (1984), Ind.App., 469 N.E.2d 768. Rather, the trial rule permits a cause to be litigated in another state as opposed to another county upon a showing that the litigation of the cause in state is so inconvenient that substantial injustice is likely to result. *Id.*

Indiana Trial Rule 4.4(C) permits interstate transfers, not intrastate transfers. *Id.* Therefore, T.R. 4.4(C) does not authorize the trial court to transfer the present cases from Marion County to any other county in Indiana. Therefore, we find no error.

Judgment affirmed.

SHIELDS and HOFFMAN, JJ., concur.