**CONNER INSURANCE AGENCY, INC., and James H. Conner, Appellants–Defendants,**

v.

**Arthur C. FRERICKS, Gregory Frericks, and Frericks Insurancenter, Appellees–Plaintiffs.**

No. 02A03–9311–CV–365.

Court of Appeals of Indiana, Third District.

May 12, 1994.

Gregory F. Hahn, James C. McKinley, Rand D. Richey, Tabbert, Hahn, Kempf, McKinley & Zanetis, P.C., Indianapolis, for appellants-defendants.

Ronald L. Sowers, Richard R. Bleeke, Sowers, Bleeke & Associates, Fort Wayne, for appellees-plaintiffs.

HOFFMAN, Judge.

Appellants-defendants Conner Insurance Agency, Inc., and James H. Conner (collectively "Conner") appeal from a denial of their motion to transfer venue from Allen County to Marion County. The sole issue on appeal is whether Allen County is a county of preferred venue.

The facts relevant to this appeal disclose that Frericks Insurancenter is a licensed insurance brokerage firm with its principal place of business in Allen County. Its owners, Arthur C. and Gregory Frericks, both reside in Allen County (collectively "Frericks"). Conner Insurance Agency, Inc., owned and operated by James Conner, is an insurance agency located in Indianapolis (Marion County).

■ On July 28, 1993, Frericks filed a claim against Conner in the Allen Superior Court. According to the complaint, the claim arose out of an agreement between Frericks and Conner to establish an insurance agency called Conner Frericks Insurance, Inc. The agency was to be located and do business in Northeastern Indiana, namely Fort Wayne (Allen County).

Conner contends that preferred venue lies only in Marion County. Frericks does not dispute that Marion County has preferred venue status, *see* Ind.Trial Rule 75(A)(4) (preferred venue lies in county "where the principal office of a defendant organization" is). However, Frericks argues that since it filed its complaint in Allen County, which also has preferred venue status under T.R. 75(A)(4), the cause should remain there.

Ind.Trial Rule 75(A) does not establish a hierarchy of preference. *Sayeed v. Dillon* (1991), Ind.App., 573 N.E.2d 468, 471–472. T.R. 75(A)(4) provides that preferred venue will lie:

> "[in] the county where either the principal office of a defendant organization is located *or* the *office or agency of a defendant organization or* individual *to which the claim relates or out of which the claim arose is located,* if one or more such organizations or individuals are included as defendants in the complaint...."

(Emphasis added.) The Conner–Frericks agency, the object of this dispute, was located in Allen County. The agency, being the product of the combined efforts and resources of both the agencies of Frericks and Conner, is an "office or agency of a defendant organization [Conner Insurance Agency, Inc.]...." The Conner–Frericks Agency is also the agency to "which the claim relates or out of which the claim arose...." More specifically, in Count III of its complaint, Frericks states that Conner breached its duty of good faith and fair dealing. The breach allegedly occurred when Conner "obtain[ed] a foothold in Northeast Indiana through Frericks ..., ... terminat[ed] the [a]greement and then open[ed] an office in Fort Wayne, Indiana...." Allen County is a county of preferred venue under T.R. 75(A)(4).

■ When a suit is initiated in a county of preferred venue, the defendant may not request a transfer of venue, and the court has no authority to transfer the case to any county of preferred venue except as provided by some other trial rule or statute. *Sayeed,* 573 N.E.2d at 471–472. Conner has not offered any other grounds and has cited no other rule or statute in support of its request. There being no error in its decision to deny Conner's motion for transfer of venue under T.R. 75, the decision of the trial court is affirmed.

Affirmed.

STATON and CHEZEM, JJ., concur.