Dalmas Maurice Otieno ANYANGO and Jane Tinna Agola Otieno, as Natural Parents and Next of Kin of Isaiah Omondi Otieno, Deceased, Appellants–Plaintiffs,

v.

ROLLS–ROYCE CORPORATION, Honeywell International, Inc., and Bell Helicopter Textron, Inc., Appellees–Defendants.

No. 49A04–1011–CT–679.

Court of Appeals of Indiana.

Aug. 24, 2011.

 

Roy T. Tabor, Susan W. Rempert, Tabor Law Firm, LLP, Indianapolis, IN, Gary C. Robb, Robb & Robb, LLC, Kansas City, MO, Attorneys for Appellants.

Nicholas C. Pappas, Darren A. Craig, Julia Blackwell Gelinas, Frost Brown & Todd, LLC, Indianapolis, IN, Steven E. Springer, Crystal L. Rowe, Kightlinger & Gray, LLP, Indianapolis, IN, Debra A. Mastrian, Krieg DeVault, LLP, Indianapolis, IN, Edward R. Moor, Thomas H. Neuckranz, James E. Beal, Williams Montgomery & John, Chicago, IL, Attorneys for Appellees.

## OPINION

BAKER, Judge.

On May 13, 2008, Isaiah Omondi Otieno, (Otieno), a Kenyan citizen and a student in Cranbrook, British Columbia, was mailing a letter to Kenya to his parents, Dalmas Maurice Otieno Anyango and Jane Tinna Agola Otieno, (collectively, "the Otienos"), when a Bell 206B Jet Ranger Helicopter stalled, fell to the ground, and instantly killed him. The helicopter was manufactured in Texas by Bell Helicopter Textron, Inc., (Bell Helicopter). The helicopter engine was manufactured in Indiana by the Allison Division of General Motors, which sold the assets of the Allison Division to AEC Acquisitions Corporation, which was subsequently sold to Rolls Royce, (Rolls Royce). Engineers designed the engine components at Honeywell International, Inc.'s facility in Indiana, (Honeywell), and manufactured them in North Carolina.

The Otienos filed a wrongful death action against Bell Helicopter, Rolls Royce, and Honeywell (collectively, "the Appellees") in Marion County. The complaint alleged strict liability and wrongful death. The trial court granted the Appellees' motion to dismiss on the grounds of forum non conveniens. The Otienos appeal arguing that the trial court erred in granting the motion because they do not have an economically adequate remedy in British Columbia. Concluding the trial court did not err in granting the motion to dismiss, we affirm.

### FACTS [1]

On May 13, 2008, two utility company representatives went up in a thirty-four-year-old Bell 206B Jet Ranger Helicopter to conduct a low-level visual inspection of high voltage electrical lines that passed through the suburban area of Cranbrook, British Columbia. During the inspection,

---

1. We held oral argument in Indianapolis on May 24, 2011. We would like to thank counsel for their able oral presentations.

the helicopter lost power and crashed to the ground. Twenty-year-old Kenyan student, Otieno, was mailing a letter to his parents when he was killed by the falling helicopter.

On March 3, 2010, Otieno's parents filed a wrongful death action against the Appellees in the Marion Superior Court. The complaint alleged strict liability in the design, manufacture, sale, supply, and distribution of a defective helicopter engine and negligence in the failure to certify and recommend safe and proper replacement parts for the helicopter engine, and in the failure to use ordinary care to design and manufacture safe aircraft engine fuel control units, power turbine governors, and related component parts.

On June 7, 2010, the Appellees filed a motion to dismiss the complaint on the ground of forum non conveniens. Specifically, the Appellees claimed that British Columbia provided a more convenient forum for all parties because the accident and accident investigation occurred there, all physical evidence and witnesses are located there, and a similar lawsuit filed by the pilot's and passengers' estates is pending there as well. In addition, the Appellees stipulated that if the case were dismissed on forum non conveniens grounds, they would submit to the personal jurisdiction of the British Columbia courts and waive any statute of limitations defense available in British Columbia with response to all causes of action brought by the Otienos for 120 days after a forum non conveniens dismissal in the Indiana trial court. *See* Ind. Tr. R. 4.4(D).

On September 27, 2010, the trial court held a hearing on the motion. Testimony and evidence presented at the hearing revealed that the accident occurred in Cranbrook, British Columbia, a small town 200 miles east of Vancouver. The helicopter was manufactured in 1974 by Bell Helicop-

ter, which was then located in Texas. Presently, all records regarding the design and certification of this model of helicopter are located in Bell's facility in Quebec, Canada. The helicopter engine was manufactured by the Allison Division of General Motors in 1973 in Indiana. General Motors subsequently sold the assets of the Allison Division to AEC Acquisitions Corporation, which was later sold to Rolls Royce. Honeywell manufactured engine components, including the fuel control unit and the power turbine governor. Engineers designed the parts at Honeywell's facility in Indiana, and manufactured the components in North Carolina. The accident was investigated by the Canadian Transportation Board, whose report revealed that the helicopter experienced a loss of power for unknown reasons while flying too low and slow to execute a successful controlled landing.

The Otienos also offered into evidence an affidavit from a British Columbia attorney who opined that a "wrongful death and survivor action in British Columbia would not provide meaningful compensation to the surviving family members." Appellant's App. p. 545–46. The attorney further explained that product liability trials take longer in British Columbia than in the United States, and that British Columbia product liability law does not recognize the doctrine of strict liability but instead requires proof on a negligence standard. According to the Otienos, under the British Columbia Family Compensation Act, which governs wrongful death actions in Canada, only nominal substantive damages would be available to them. *Id.* at 362. In addition, the Otienos offered into evidence an affidavit from Lee C. Christie, a personal injury attorney in Indiana, who opined that this wrongful death case has a "significant seven figure value" under Indiana law. *Id.* at 565.

On October 8, 2010, the trial court issued an order concluding that the court system in British Columbia was adequate and available to the Otienos. The trial court considered private and public interest factors and granted the appellees' motion to dismiss. The Otienos appeal.

### DISCUSSION AND DECISION

The Otienos argue that the trial court erred in dismissing their action. Specifically, their sole contention is that the trial court erred because "British Columbia provides Plaintiffs no economically adequate remedy...." Appellant's Br. p. 8. The Appellees respond that under choice-of-law rules the substantive law of British Columbia would apply to this case even if it remained in Indiana.

 Choice-of-law rules are fundamentally judge-made and designed to ensure the appropriate substantive law applies. *Hubbard Mfg. Co., Inc., v. Greeson,* 515 N.E.2d 1071, 1073 (Ind.1987). The presumption for torts is that the traditional lex loci delicto rule will apply. *Simon v. U.S.,* 805 N.E.2d 798, 805 (Ind.2004). Under this rule, the court applies the substantive laws of the forum "where the last event necessary to make an actor liable for the alleged wrong takes place." *Id.* In a large number of cases, the place of the tort will be significant and the place with the most contacts. *Hubbard,* 515 N.E.2d at 1073. The presumption in favor of lex loci delicto may be rebutted only if the place of the tort bears little connection to and is insignificant to the legal action. *Id.* at 1074.

 Here, Otieno was killed by the falling helicopter in British Columbia. Thus, the law of British Columbia applies unless British Columbia bears little relation to the accident. Our review of the evidence reveals that the helicopter pilot and passengers who died in the accident were Canadian, and suits filed by their families are pending in British Columbia. The helicopter wreckage and all other evidence are located in British Columbia. In addition, the Otienos have not attempted to rebut the presumption of lex loci delicto. Based upon the foregoing, even if the trial court had not granted the Appellees' motion to dismiss, the law of British Columbia would apply in Indiana.

 Moreover, even if British Columbia law did not apply in Indiana, the trial court did not err in granting the appellees' motion to dismiss on the basis of forum non conveniens. The determination of whether to dismiss an action on the basis of forum non conveniens is vested within the trial court's sound discretion. *Freemond v. Somma,* 611 N.E.2d 684, 690 (Ind. Ct.App.1993). An abuse of discretion occurs only when the trial court arrives at a conclusion that is clearly against the logic of the facts before it and the natural inferences to be drawn therefrom. *Id.*

Indiana Trial Rule 4.4(C), which governs forum non conveniens, provides as follows:

> Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.

> In the exercise of that discretion the court may appropriately consider such factors as:

> (1) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

> (2) Convenience to the parties and witnesses of the trial in this state in any alternative forum;

> (3) Differences in conflict of law rules applicable in this state and in the alternative forum; or

(4) Any other factors having a substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

██ The purpose of T.R. 4.4(C) is to permit a cause to be litigated in another jurisdiction upon a showing that litigation in the initiating forum is so inconvenient to the parties and witnesses that a substantial injustice is likely to result. *Sayeed v. Dillon,* 573 N.E.2d 468, 472 (Ind.Ct.App. 1991). This Court has previously determined that there is a similarity in the spirit of the state and federal rules as they relate to the doctrine of forum non conveniens and has looked to federal cases in addressing forum non conveniens issues. *See McCracken v. Eli Lilly & Co.,* 494 N.E.2d 1289, 1292 (Ind.Ct.App.1986).

 Before a trial court should grant a defendant's motion to dismiss on the grounds of forum non conveniens, the plaintiff's chosen forum must be "oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience." *In re Bridgestone/Firestone, Inc.,* 420 F.3d 702, 703 (7th Cir.2005). The trial court should not deem itself inconvenient, however, unless the defendant is able to identify an adequate alternative forum. *Id.* at 704. Assessing whether an alternative forum exists involves a two-part inquiry: availability and adequacy. *Id.* A forum is available if all parties are amenable to process and are within the forum's jurisdiction. *Id.* A forum is adequate if the parties will not be deprived of all remedies or treated unfairly. *Id.*

 If an adequate alternative forum is available, the court decides whether to keep or dismiss the case by weighing various private and public interest factors. *Id.* The private interest factors include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling; and the cost of

obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Id.* (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

Among the public interest factors are the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; "the interest of having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Kamel v. Hill–Rom Co., Inc.,* 108 F.3d 799, 802 (7th Cir.1997).

Here, we cannot say that the trial court acted unreasonably in deciding that the private and public interests favor a trial in British Columbia and in dismissing the case. Specifically, as to the relevant private interest factors, witnesses who can testify about the maintenance of the helicopter, the training of the pilot, and the investigation of the accident are all in British Columbia. In addition, all witnesses to the accident and damages are in British Columbia, and the trial can be aided by easy access to the crash site and the wreckage. Further, because there is a similar action filed by the estates of the pilot and passengers pending in British Columbia, it would be fairer to all parties and less costly if the entire case was presented in one trial.

As to the relevant public interests, the trial will be enormously costly and time consuming. It would be unfair to burden Hoosiers with jury duty when Indiana has little connection with the controversy. Further, British Columbia has a substan-

tial interest in the outcome of the litigation. More importantly, the remedy provided by the British Columbia Family Compensation Act is not so clearly inadequate or unsatisfactory that is it no remedy at all. In fact, the Otienos admit that substantive damages, though nominal, would be available to them. Appellant's App. p. 362. Although the relatives of the decedents might not be able to rely on a strict liability theory and their potential damages might be smaller, there is no danger that they will be deprived of any remedy or be treated unfairly. Consequently, we conclude that the trial court did not err in granting the appellees' motion to dismiss on the basis of forum non conveniens. *See Piper Aircraft Company v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (concluding that the District Court did not act unreasonably in deciding private and public interests favored trial in Scotland where the plane crash occurred and in dismissing the case on the grounds of forum non-conveniens).

The judgment of the trial court is affirmed.

BRADFORD, J., concurs.

MAY, J., concurs in result.