

**FILED**

Feb 10 2016, 6:03 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Brian J. Paul
Daniel E. Pulliam
Anne K. Ricchiuto
Faegre Baker Daniels LLP
Indianapolis, Indiana

Amy B. Jones
Silvia B. Miller
Health and Hospital Corporation of
Marion County
Indianapolis, Indiana

APPELLEE *PRO SE*

Dennis Foreman
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Health and Hospital Corporation
of Marion County,

*Appellant-Plaintiff,*

v.

Dennis Foreman,

*Appellee-Defendant.*

February 10, 2016

Court of Appeals Case No.
49A02-1504-OV-229

Appeal from the Marion Superior
Court,
Environmental/Community
Division

The Honorable David Certo, Judge
The Honorable David Hooper,
Magistrate

Trial Court Cause No.
49G21-1412-OV-70843

**May, Judge.**

[1] Health and Hospital Corporation of Marion County (HHC)[1] appeals an interlocutory order granting Dennis Foreman a change of judge. We reverse and remand.

## Facts and Procedural History

[2] In 2014,[2] HHC filed a complaint for injunction and fine against Foreman based on allegations a residence he owned did not meet certain HHC code requirements. At the initial hearing, the trial court heard arguments regarding Foreman's *pro se* motion for change of judge. HHC objected to Foreman's motion, citing Ind. Code § 16-22-8-31(e), which outlines the process whereby a "change of venue from a judge" may be achieved for HHC-related proceedings, and Ind. Code § 34-35-3-3, which is cited as the source of the requirements for a change of judge under Ind. Code § 16-22-8-31(e).

[3] The trial court granted Foreman's motion for a change of judge. On March 3, 2015, HHC filed a motion for certification for interlocutory appeal, and the trial court certified its order for interlocutory appeal. We accepted jurisdiction on May 19, 2015.

---

[1] HHC is "a municipal corporation as created by Indiana Code 16-22-8, et seq." (App. at 6.)

[2] The Chronological Case Summary indicates HHC filed its complaint on December 12, 2014. However, the complaint is file stamped November 10, 2014. The date the complaint was filed does not affect the issues in this appeal.

# Discussion and Decision

[4] We first note Foreman proceeded at trial and proceeds in this appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[5] We review *de novo* questions involving the interpretation of statutes and Indiana Trial Rules. *See State v. Int'l Bus. Machines Corp.*, 964 N.E.2d 206, 209 (Ind. 2012) (interpretation of statutes are questions of law and questions of law are reviewed *de novo*); *see also Miller v. Danz*, 36 N.E.3d 455, 457 (Ind. 2015) (interpretation of Indiana Trial Rules is question of law to be reviewed *de novo*), *reh'g denied*.

> Appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. A pure question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions for its resolution.

*Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind. 2000).

[6] In *State ex rel. Blood v. Gibson Circuit Court*, 239 Ind. 394, 400, 157 N.E.2d 475, 478 (1959), our Indiana Supreme Court decided the procedural rule, which required a litigant to file a change of judge motion within ten days "after the issues were first closed on the merits," superseded the more lenient filing requirements of the statute governing a request for change of judge in a levee proceeding. It held "the *right* to change judge granted by [the statute] is a substantive right which can be conferred only by the Legislature, *but* the *method* and *time* of asserting such right are matters of procedure and fall within the category of procedural rules." *Id.* (emphasis in original).

[7] In *Sayeed v. Dillon*, 573 N.E.2d 468, 471 (Ind. Ct. App. 1991), Sayeed, the owner of an insolvent prepaid health care delivery plan, sought to change venue from Marion County to Lake County of the claim against it brought under a portion of the Indiana Code that required liquidation proceedings for those types of organizations to be brought in Marion County. Sayeed filed a motion for change of venue pursuant to the relevant civil procedure statute in effect at the time, which requires the court to change the venue of a civil action "made upon affidavit . . . [s]howing to the satisfaction of the court that the conveniences of witnesses and the ends of justice would be promoted by the change." Ind. Code § 34-1-13-1 (repealed 1998). However, "[w]hen a change of venue is directed for any of the causes mentioned in the third, fourth, and fifth specifications of [Ind. Code § 35-1-13-1], the court or judge shall designate the county to which the venue shall be changed, which may be in the same or in an adjoining court[.]" Ind. Code § 34-1-13-2 (1983) (repealed 1998).

[8]     We held, regarding the interaction between the statutes and T.R. 76:

> As a practical matter, the fifth specification of I.C. 34-1-13-1 has been superseded in modern times by T.R. 76 which allows an automatic change of venue in civil actions to an adjoining county without the necessity of showing inconvenience or other prejudice.  We believe that the only logical interpretation of I.C. 34-1-13-2 - to the extent it needs interpretation - is to read it as being consistent with T.R. 76, that is, as permitting a change of venue only to an adjoining circuit/county.  We believe it is clear that the General Assembly, in enacting the special venue provisions for the liquidation of prepaid health care delivery plans, intended to limit the ability of litigants to change venue from the Marion County circuit court.  The automatic change of venue provisions of T.R. 76 were eliminated.  We hold that change of venue provisions applicable to the present liquidation proceeding must be read consistently with T.R. 76.  We cannot believe that our legislature intended to authorize the transfer of insurance liquidation cases from Marion County to the far corners of the state.

*Sayeed*, 573 N.E.2d at 471 (citations omitted).  The holdings in *Blood* and *Sayeed* apply here.

[9]     As in *Blood*, T.R. 76 controls the time frame in which Foreman could file for a change of judge.  *See* T.R. 76(c) (providing time frames for filing motion for change of judge under certain situations).  However, like in *Sayeed*, the requirements of filing, specifically that Foreman file an affidavit alleging a reason for the change of judge, are substantive because they apply to requirements for special types of actions, such as those initiated by the HHC.  *See* Ind. Code § 16-22-8-31(e) (requiring request for change of judge in actions

regarding the HHC "meet the requirements in IC 34-35-3-3"); *see also* Ind. Code § 34-35-3-3(b) (requiring litigant seeking change of judge to file an affidavit concerning why a change of judge is appropriate). As in *Sayeed*, considering the specialized nature of HHC cases, we believe the legislature, in enacting Ind. Code § 16-22-8-31(e) and requiring the extra step of providing an affidavit regarding the reason for the request for change of judge pursuant to Ind. Code § 34-35-3-3(b), intended to supersede the more lenient provision regarding change of judge in T.R. 76.

## Conclusion

Because the provisions of Ind. Code § 16-22-8-31(e) and Ind. Code § 34-35-3-3 required Foreman to file an affidavit concerning why he wanted a change of judge, and Foreman did not do so, the trial court erred when it granted Foreman's request for change of judge. We accordingly reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

Najam, J., and Riley, J., concur.