RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0379p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ZIONS FIRST NATIONAL BANK,
　　　　　　　*Plaintiff-Appellant,*

　　　*v.*

MOTO DIESEL MEXICANA, S.A. DE C.V.,
　　　　　　　*Defendant-Appellee.*

No. 09-1704

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 08-10528—John Corbett O'Meara, District Judge.

Argued: July 27, 2010

Decided and Filed: December 15, 2010

Before: GIBBONS and KETHLEDGE, Circuit Judges; SARGUS, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Daniel G. Kielczewski, ABBOTT NICHOLSON, P.C., Detroit, Michigan, for Appellant. Adolfo Campero, Jr., CAMPERO & BECERRA, Laredo, Texas, for Appellee. **ON BRIEF:** Daniel G. Kielczewski, ABBOTT NICHOLSON, P.C., Detroit, Michigan, for Appellant. Adolfo Campero, Jr., CAMPERO & BECERRA, Laredo, Texas, for Appellee.

_____

## OPINION

_____

　　　SARGUS, District Judge. From December 10, 2007, through December 14, 2007, Moto Diesel Mexicana, S.A. de C.V. ("MDM") issued eight checks totaling $2 million to Casa de Cambio Majapara S.A. de C.V. ("Majapara"). The checks were

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

1

drawn on MDM's account at Comerica Bank in Detroit, Michigan. On December 14 and 18, 2007, Majapara attempted to deposit all the funds from the eight checks into its account at Zions First National Bank in Salt Lake City, Utah ("Zions"). In turn, Majapora withdrew the $2 million from its account at Zions. Thereafter, however, Comerica Bank notified Zions that the checks from MDM had been dishonored because of insufficient funds. Ultimately, Zions suffered a loss of $2 million.

Zions brought suit against MDM alleging (1) holder in due course status; (2) conversion; and (3) quantum valebant. In response to the Complaint, MDM filed three motions to dismiss, under F. R. Civ. P. 12(b)(2), (5) and (6). Several months later, before disposition of the pending motions, MDM filed a motion to dismiss on the grounds of *forum non conveniens*. On April 1, 2009, the district court granted the motion to dismiss on the grounds of *forum non conveniens* and denied as moot the other pending motions.

Zions thereafter filed a motion for reconsideration, which the district court denied. A timely appeal followed. On appeal, Zions argues that the district court erred in dismissing its claims on *forum non conveniens* grounds. For the reasons that follow, we VACATE the decision of the district court and REMAND for further proceedings consistent with this Opinion.

## I.   *STANDARD OF REVIEW*

We review for clear abuse of discretion a district court's determination that the doctrine of *forum non conveniens* requires dismissal of a case. *Duha v. Agrium, Inc.,* 448 F.3d 867, 873 (6th Cir. 2006).[1]  A dismissal upon the grounds of *forum non conveniens* is justified when a defendant establishes that an adequate alternative forum is available and that the public and private factors enumerated in *Gulf Oil Corp. v.*

---

[1]As explained by the Supreme Court, the doctrine is "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994). Following enactment of 28 U.S.C. § 1404(a) in 1962, the doctrine of *forum non conveniens* now applies only in cases in which the alternative forum is in another country. If another federal district is an alternative forum, dismissal on grounds of *forum non conveniens* is inapplicable and § 1404(a) applies. *Sinochem Int'l Co. v Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

*Gilbert*, 330 U.S. 501, 508-09 (1947), demonstrate that the chosen forum is unnecessarily burdensome to a defendant or a district court. *Id.* The relevant public and private factors in a *forum non conveniens* challenge, as set forth in *Gulf Oil,* include access to witnesses and evidence, availability of compulsory process, cost of obtaining witnesses, administration difficulties for the trial court, local interest in the litigation, and the law applicable to the controversy. *Gulf Oil*, 330 U.S. at 508-09. These factors are to be considered for each analytically distinct claim brought by a plaintiff. *Duha*, 448 F.3d at 879. "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

In determining whether a case should be dismissed on the grounds of *forum non conveniens,* a district court must apply a strong presumption in favor of a plaintiff's selected forum, particularly if the forum is the home of the plaintiff, because "it is reasonable to assume that this choice is convenient." *Id.* at 255-56. When the plaintiff's choice of forum, however, is not the home of the plaintiff, the normally applicable assumption that the forum choice is convenient carries significantly less weight. *Id.* at 255-56. Nevertheless, "[t]his lesser standard of deference should presumptively not apply to a U.S. plaintiff's choice of forum." *Duha*, 448 F.3d at 874. Instead, "[i]n general, the standard of deference for a U.S. plaintiff's choice of a home forum permits dismissal only when the defendant 'establish[es] such oppressiveness and vexation to a defendant as to be out of all proportion to a plaintiff's convenience, which may be shown to be slight or nonexistent.'" *Id*. 873-74 (quoting *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (alteration in original)).

## II.    *DISCUSSION*

In this action, the district court applied the doctrine of *forum non conveniens* to dismiss all three counts of Zions' complaint based upon a conclusion that the case was not a "local controversy." *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A.*, No. 08-10528, 2009 WL 910764, at *3 (E.D. Mich. Apr. 1, 2009) (internal quotation marks omitted). The district court noted that none of the parties involved in the dispute is

located in Michigan, the forum, and that "[t]he only connection to Michigan is that MDM bounced checks drawn on an account here." *Id.*

In determining that the case should be dismissed on the grounds of *forum non conveniens*, the district court focused upon two considerations: first, whether an adequate alternative forum exists for adjudicating the dispute; and second, whether public and private interests can be best satisfied by a transfer of the case to an alternative forum. As to the first factor, the district court determined that the courts of Mexico provided an adequate forum. As to the second factor, the district court considered the location of witnesses and evidence. The court found that all of the witnesses for MDM and Majapara resided in Mexico, while Zions' witnesses were in Utah. The court also noted that, although the bank records were located in Michigan, they could be easily transferred to Mexico. The district court, however, did not discuss whether the choice of forum was oppressive or vexatious, nor did the district court conduct a separate analysis of the relevant pubic and private factors for each distinct set of claims asserted by Zions. We conclude that these omissions require remand.

Our review of this action is guided by *Duha*, 448 F.3d 867. In *Duha*, this Court reversed the decision of a district court which had dismissed all claims on the basis of *forum non conveniens*. The district court, in a manner similar to this case, analyzed two issues regarding an alternative forum. First, the district court found that Argentina, the foreign forum in that case, provided a reasonable and available alternative forum. *Id.* at 872. Second, the court determined that, while witnesses were scattered among various countries, Argentina provided the most convenient forum. *Id.*

On appeal, this Court recognized that the decision of the district court was entitled to deference under a clear abuse of discretion review. *Id.* at 873. Nonetheless, this Court found that the district court erred for three reasons:

> First, the district court did not apply the deference required for a forum choice made by a U.S. plaintiff under *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). Second, the district court erred in its weighing of the relative ease of access to documents and live testimony. Third, the district court, in

balancing the convenience of the alternative forums, disregarded a
substantial portion of plaintiff's claims.

*Id.* All of these reasons are implicated in the case before us. We address each one in
turn.

### A.       *Deference to Plaintiff's Forum Selection*

The district court failed to accord the appropriate degree of deference to Zions'
selection of Michigan as the forum for prosecuting this action. Indeed, the district
court's ruling does not mention, and does not appear to have considered, the deference
that a plaintiff's choice of forum is normally accorded, or the fact that it was Zions, a
U.S. plaintiff, that made the forum selection. In this appeal, MDM contends that the
deference normally given to a plaintiff's choice of a forum does not apply when the
forum is not the "home" of the plaintiff. *See Piper Aircraft*, 454 U.S. at 255-56 (noting
that a foreign plaintiff's choice of forum does not carry the same assumption that its
choice of forum is convenient as does the choice of a plaintiff bringing suit in its home
forum). Zions, a Utah corporation, brought this case in Michigan, where it is not a
resident. Unlike the Scottish plaintiff in *Piper Aircraft*, however, Zions is not a *foreign*
plaintiff. It is a corporation with its principal place of business in Salt Lake City, Utah,
and therefore a U.S. plaintiff. Thus, the lesser standard of deference to a plaintiff's
choice of forum does not apply.

Moreover, Zions has brought this action in the district in which the claims
allegedly arose. If the claim by MDM is that Utah is a more convenient forum, then
such matter is addressed under 28 U.S.C. § 1404(a). If the claim is that the case is better
suited for disposition in Mexico, then the doctrine of *forum non conveniens* provides the
analysis, which includes the strong presumption in favor of the plaintiff's forum
selection.

Although we note that a district court need not make an explicit finding that
proceeding with the suit in the United States would be oppressive or vexatious to a
defendant, *Kryvicky v. Scandinavian Airlines Sys.*, 807 F.2d 514, 517 (6th Cir. 1986),

the *forum non conveniens* determination must indicate that the district court considered whether any oppression and vexation to a defendant was "out of all proportion to plaintiff's convenience." *Koster*, 330 U.S. at 524. Here, the district court's opinion does not indicate that it undertook the requisite analysis. Accordingly, the district court erred in failing to accord Zions the strong presumption in favor of its selection of the Eastern District of Michigan as the forum for this case.

### B.      *Relative Ease of Access to Documents and Witnesses*

The district court's failure to recognize the strong presumption in favor of Zions' choice of Michigan as the forum for this action is evident in its analysis of the relevant *Gulf Oil* factors. In that respect, the district court erred in according inordinate weight to the cost of travel and obtaining witnesses.

The district court's discussion of the private *Gulf Oil* factors consisted of the following:

> The private interest factors–access to sources of proof, location of witnesses–weigh in favor of Mexico. All of MDM and Majapara's witnesses are located there. Zions Bank's witnesses are in Utah, although they apparently have traveled to Mexico on business before. The parties have not identified any witnesses in Michigan, except perhaps a custodian of the records of Comerica Bank. MDM's bank records are in Michigan, although it should be a simple matter to transfer those records to Mexico; these records are likely in MDM's possession already as well. As a practical matter, all parties will need to travel to Michigan for trial if the case remains here, which the court believes will be more logistically difficult and expensive than if the case were tried in Mexico.

*Zions*, 2009 WL 910764, at *3.

The cost of travel and of obtaining testimony of witnesses is an appropriate consideration in initially determining whether the forum selected by the plaintiff oppresses the defendant. Here, the district court simply noted the potentially greater logistical difficulty and expense entailed by requiring the parties to travel to Michigan instead of Mexico. *Id.* Such a conclusion does not establish an oppressive or vexatious burden on the defendant, which used a bank in Michigan to conduct the business at issue

in this case.  The fact that MDM's witnesses are in Mexico is a consideration, but less so given that the gist of this lawsuit is business activity of MDM in Detroit, Michigan.

With respect to this factor, MDM contends on appeal that Majapara witnesses would resist the giving of testimony in the United States, because the company is allegedly under criminal investigation in Mexico.  No such finding was made by the district court, however, and the affidavit cited by MDM indicates only that one officer of the company has been arrested in connection with a criminal investigation, but does not specify whether that officer is actually a witness in this case.  (*See* R. 13 Ex. A. ¶ 5.) As held in *Duha,* availability of compulsory process, though a consideration, "is less weighty when it has not been alleged or shown that any witness would be unwilling to testify." *Duha*, 448 F.3d at 877.

### C.     *Analysis of the Claims*

Finally, in balancing the convenience of the alternative forums, the district court disregarded a substantial portion of plaintiff's claims.  In considering the application of the doctrine of *forum non conveniens*, a district court must analyze each claim brought, particularly if the causes of action asserted require different types of proof and evidence. *Id.* at 879.   In this case, Zions' claim that it is a holder in due course of a negotiable instrument requires different proof and evidence from its claims for conversion and quantum valebant.[2]  Thus, the district court was required to evaluate the ease of access to documents and witnesses as that factor pertains to Zions' holder-in-due-course claim separately from its other claims.  The district court's discussion, set forth above, offers no separate analysis of the *Gulf Oil* factors–in particular the ease of access to witnesses and documents–with respect to Zions' claim that MDM is liable to Zions as a holder in due course of a negotiable instrument. Virtually all of the evidence in support of such claim would necessarily be documentary, most of which would presumably be located where the transaction occurred, which was Detroit, Michigan.  In sum, the district court

---

[2]Quantum valebant literally defined as "as much as they were worth," is a claim requiring proof of worth and, at least theoretically, requires more proof than that of a holder in due course. *See* Webster's Legal Dictionary, 6th ed., p. 1244.

did not conduct a separate evaluation of each of the claims to determine which forum was best suited to resolve the litigation, as it was required to do under *Duha.***[3]**

**III**.   *CONCLUSION*

Based upon the foregoing, we conclude that the district court did not state adequately its reasons for dismissing Zions' claims on the grounds of *forum non conveniens*.  Accordingly, the decision of the district court is hereby VACATED and the case REMANDED for further proceedings consistent with this opinion.

---

**[3]**We note that in considering each discrete claim under the *Gulf Oil* factors, the district court is free to conclude that some claims survive a *forum non conveniens* challenge, while others do not.  *See Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 934 F. Supp. 119, 120 (S.D.N.Y. 1996) (granting, on grounds of *forum non conveniens,* defendant's motion to dismiss only the second cause of action asserted in plaintiff's complaint), *vacated in part on other grounds*, 145 F.3d 481 (2d Cir. 1998).