ATTORNEYS FOR APPELLANTS
Gary C. Robb
Kansas City, Missouri

Roy T. Tabor
Susan W. Rempert
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE BELL
HELICOPTER TEXTRON INC.
Edward R. Moor
Thomas H. Neuckranz
Howard Huntington
James Beal
Chicago, Illinois

Debra A. Mastrian
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
ROLLS-ROYCE CORPORATION
Nicholas C. Pappas
Darren A. Craig
Julia Blackwell Gelinas
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
HONEYWELL INTERNATIONAL INC.
Steven E. Springer
Crystal G. Rowe
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



FILED
Jul 30 2012, 4:29 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 49S04-1207-CT-434

DALMAS MAURICE OTIENO ANYANGO AND
JANE TINNA AGOLA OTIENO, AS NATURAL
PARENTS AND NEXT OF KIN OF
ISAIAH OMONDI OTIENO, DECEASED,

Appellants (Plaintiffs below),

v.

ROLLS-ROYCE CORPORATION,
HONEYWELL INTERNATIONAL INC., AND
BELL HELICOPTER TEXTRON INC.,

Appellees (Defendants below).

_____

Appeal from the Marion Superior Court, No. 49D07-1003-CT-9655
The Honorable Michael D. Keele, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1011-CT-679

_____

**July 30, 2012**

**Sullivan, Justice.**

Parents of a young man killed in a bizarre helicopter accident in British Columbia appeal an Indiana trial court's dismissal of their complaint in favor of the Canadian forum, arguing that their claim should be tried here because they would only be entitled to nominal damages under British Columbia law. Because we conclude that British Columbia provides an available and adequate forum under applicable law, and that the trial court did not otherwise abuse its discretion in dismissing the complaint on the ground of <u>forum</u> <u>non</u> <u>conveniens</u>, we affirm the trial court's judgment.

## Background

This appeal arises out of an almost unbelievable accident occurring on May 13, 2008, in British Columbia, Canada. On that day, 20-year-old Isaiah Omondi Otieno, a Kenyan citizen and student at the College of the Rockies in Cranbrook, British Columbia, was mailing a letter from Canada to his parents in Kenya when a helicopter flying overhead lost power. The helicopter crashed to the ground and killed Otieno along with the helicopter's pilot and two passengers.

On March 3, 2010, Isaiah's parents, Dalmas Maurice Otieno Anyango and Jane Tinna Agola Otieno (collectively, the "Otienos"), sued Bell Helicopter Textron Inc., Rolls-Royce Corp., and Honeywell International Inc. (collectively, the "Defendants"), in Marion County, Indiana, for the wrongful death of their son. The Defendants are connected to the helicopter as follows:

- The helicopter was manufactured in Texas in 1974 by Bell Helicopter.
- The helicopter engine was manufactured in Indiana by the Allison Division of General Motors, which sold its assets to a company that was later purchased by Rolls-Royce.
- The helicopter's engine components were designed at Honeywell's facility in Indiana and then manufactured in North Carolina.

The Otienos sought to recover on theories of strict liability and negligence based on the design and manufacture of the helicopter engine and engine component parts and on the failure

2

to certify and recommend safe and proper replacement parts. Subsequently, representatives of the three other people killed in the accident sued the Defendants and others in British Columbia on similar theories.

In June, 2010, the Defendants filed both a motion to dismiss the Otienos' lawsuit pursuant to Indiana Trial Rule 4.4(C) on the ground of <u>forum non conveniens</u>[1] – that Indiana was an "inconvenient forum" compared to British Columbia – and a stipulation pursuant to Trial Rule 4.4(D) that they would (a) submit to the personal jurisdiction of and (b) waive any statute of limitations defenses in British Columbia. After considering the evidence and the written and oral arguments of counsel, the trial court granted the Defendants' motion to dismiss in favor of British Columbia as the more convenient forum.

The Otienos appealed, arguing that the trial court abused its discretion in granting the Defendants' motion to dismiss based on <u>forum non conveniens</u>. Specifically, the Otienos challenged the trial court's finding that British Columbia provided an adequate forum in which to pursue their cause of action. The Court of Appeals affirmed the trial court's dismissal. <u>Anyango v. Rolls-Royce Corp.</u>, 953 N.E.2d 1147, 1153 (Ind. Ct. App. 2011).

The Otienos seek, and we now grant, transfer, thereby vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A).

**Discussion**

Trial Rule 4.4(C) governs the dismissal of litigation based on <u>forum non conveniens</u>:

> Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.

---

[1] <u>Forum non conveniens</u> is defined as "[t]he doctrine that an appropriate forum – even though competent under the law – may divest itself of jurisdiction if, for the convenience of the litigants and the witnesses, it appears that the action should proceed in another forum in which the action might also have been properly brought in the first place." <u>Black's Law Dictionary</u> 726 (9th ed. 2009).

3

> In the exercise of that discretion the court may appropriately consider such factors as:
>> (1) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;
>> (2) Convenience to the parties and witnesses of the trial in this state in any alternative forum;
>> (3) Differences in conflict of law rules applicable in this state and in the alternative forum; or
>> (4) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

Ind. Trial Rule 4.4(C). The language of the rule itself entrusts this determination to the trial court and so our review of a trial court's dismissal under this rule is limited to abuse of discretion. Freemond v. Somma, 611 N.E.2d 684, 690 (Ind. Ct. App. 1993) (citing Killearn Props., Inc. v. Lambright, 176 Ind. App. 684, 687, 377 N.E.2d 417, 419 (1978)), trans. denied. A trial court abuses its discretion when it "arrives at a conclusion that is clearly against logic and the natural inferences to be drawn therefrom." Id.[2]

Both the Defendants and the Otienos submitted rather extensive briefs and evidence to the trial court in support of their respective positions. The trial court also held a hearing on the Defendants' motion. The Defendants argued that this case should be litigated in British Columbia because the events giving rise to the suit occurred there and a parallel suit is pending there. They listed several considerations related to the inconvenience of an Indiana forum: the witnesses are located in Canada; Canadian officials investigated the case and disassembled the engine and engine components at issue; the physical evidence is in Canada; witnesses knowledgeable about damages are located in Canada (or Kenya); obtaining testimony of witnesses, documents, and physical evidence would be limited by the procedures of international discovery; and the case would be governed by Canadian law. In response, the Otienos argued that the bulk of the evidence related to their product-liability action is in the United States (and in Indiana in particu-

---

[2] We note language in most decisions of the Court of Appeals applying Trial Rule 4.4(C) to the effect that "[t]he purpose of [the rule] is to permit a case to be litigated in another [forum] upon a showing that litigation in Indiana is so inconvenient that substantial injustice is likely to result." Emp'rs Ins. of Wausau v. Recticel Foam Corp., 716 N.E.2d 1015, 1021 (Ind. Ct. App. 1999) (citing Freemond, 611 N.E.2d at 691), trans. denied. This language appears to date to Killearn Properties, when it appeared with a citation to "1 Harvey, Indiana Practice, Author's Comments 4.4(C) p. 313." 176 Ind. App. at 687, 377 N.E.2d at 419. It would conflict with the explicit discretionary authority granted to the trial court in Trial Rule 4.4(C) if a motion to dismiss could not be granted unless it was clear that litigation in Indiana would be so inconvenient that "substantial injustice" would be likely to result.

lar) and that, if tried in Indiana, the case would not be governed by Canadian law. Moreover, using the language of Trial Rule 4.4(C), they argued that it would not be "just" to require them to litigate this case in British Columbia because their action would not be economically viable there. Specifically, they contended that under applicable British Columbia law, "no monetary compensation would be permitted other than recovery of burial or funeral expenses." Pet. to Transfer i (Questions Presented on Transfer).

Judge Keele's order granting the Defendants' dismissal motion addressed each of the enumerated factors in Trial Rule 4.4(C) as follows:

4. The Defendants have agreed to submit to personal jurisdiction in British Columbia, Canada. See [Ind. Trial] Rule 4.4(C)(1). The Defendants have agreed to waive or toll any applicable Canadian statute of limitations in British Columbia, Canada until Plaintiffs have had reasonable opportunity to file their claims in British Columbia, Canada, not to exceed 120 days from the date of this ruling.

5. Many witnesses reside in British Columbia, Canada and are outside the subpoena power of this Court. Most, if not all, anticipated witnesses which are United States citizens are employees of the Defendants residing in various states within the United States. The Defendants have agreed to make these individuals available for litigation in British Columbia, Canada. On the whole, it would be more convenient, if not necessary, for the parties and witnesses for the claims to be pursued in British Columbia, Canada, rather than in Indiana. See [T.R.] 4.4(C)(2).

6. It is anticipated that the claims will be subject to the substantive law of British Columbia, Canada and not of Indiana. See Simon v. United States, 805 N.E.2d 798 (Ind. 2004)[; T.R.] 4.4(C)(3).

7. There are substantial additional factors which weigh in favor of this matter being considered by a Canadian court rather than this Court in Indiana. See [T.R.] 4.4(C)(4)[.] These include:

   (a) It is undisputed that the court system in British Columbia, Canada, is adequate and available to Plaintiffs.

   (b) There is already litigation pending in British Columbia, Canada, regarding the helicopter crash which seeks compensation for families of the victims.

(c) Rulings and discovery orders by this Court may be difficult, if not impossible, to enforce as to persons outside this Court's jurisdiction.

(d) It is anticipated that there will be significant problems in dealing with resolving the application of Canadian law.

(e) The majority of public interest factors favor resolution of this dispute by a court in British Columbia, Canada. Indiana has little, if any, public interest in the outcome of this litigation.

(f) A foreign citizen that chooses Indiana as a forum rather than his own nation is entitled to a substantially diminished presumption that Indiana is a convenient forum. McCracken v. Eli Lilly & Co., 494 N.E.2d 1289 [(Ind. Ct. App. 1986).]

Appellants' App. 6-7.

In their appeal to the Court of Appeals, the Otienos challenged only the trial court's finding in paragraph 7(a) above. Specifically, they took issue with the trial court's locution that the availability and adequacy of the British Columbia court system was "undisputed." They maintained that this was in dispute because they have "no adequate remedy in British Columbia." Appellants' Br. 6.

In their brief, the Otienos describe how "an esteemed practitioner in British Columbia . . . has unequivocally explained that British Columbia provides Plaintiffs no economically adequate remedy." Id. at 8 (citation omitted). They also submitted an affidavit from an Indiana lawyer providing her opinion that the Otienos' wrongful death action would have "a significant seven figure value" here. Appellants' App. 565. And they provide case citations from jurisdictions other than Indiana that they say support their contention that dismissal on the ground of forum non conveniens should be denied when the remedy in the alternative forum is inadequate.

All of this is to say that the sole reason the Otienos contend that the Defendants' motion to dismiss should be denied is because their wrongful-death action would have "a significant

6

seven figure value" if litigated in Indiana, whereas it would have only nominal value if litigated in Canada.[3]

In sum, this is not so much a debate over the availability or adequacy of the British Columbia courts as it is a debate over the substantive law that would govern the Otienos' recovery in the event they were able to establish liability. And this is precisely what was at issue in Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981), still the leading United States Supreme Court case in this area of forum non conveniens law.

Piper Aircraft's facts and procedural posture resemble this case. In short, several Scottish citizens and residents had been killed in the crash of a chartered airplane in Scotland. Id. at 238-39. Their estates filed a wrongful-death action in the United States against the company that manufactured the plane and the company that manufactured the plane's propellers. Id. The plaintiffs' explicit purpose in filing their lawsuit in the United States rather than in Scotland was that United States laws regarding liability, capacity to sue, and damages were more favorable to their position than those of Scotland. Id. at 240. The district court granted the defendants' motion to dismiss on the ground that Scotland was the more convenient forum. Id. at 241. The Third Circuit reversed, holding that dismissal is automatically barred where the law of the alternative forum is less favorable to the plaintiff than the law of the forum chosen by the plaintiff. Id. at 246.

This is, of course, essentially the rule that the Otienos ask us to adopt here. But the Supreme Court rejected this approach, concluding that dismissal could not be denied "merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the chosen forum." Id. at 247. It then went on to say – importantly

---

[3] Of course, the Otienos' aversion to British Columbia law is only a relevant consideration here if the Otienos' claims would be governed by different law in an Indiana court than in the Canadian forum. Said differently, given the Otienos' analysis of Canadian law, it would do them no good to litigate in Indiana if Canadian law were to govern the proceedings here. For their part, the Defendants point to the fact that Judge Keele "anticipated that the claims will be subject to the substantive law of British Columbia, Canada and not of Indiana," a conclusion that the Court of Appeals specifically affirmed, Anyango, 953 N.E.2d at 1151. There is a temptation – which we resist – to decide the choice-of-law question because it would be dispositive if we were to come to the same conclusion as our colleagues on the trial court and Court of Appeals.

for our purposes – that "[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry." Id.

The Court provided several reasons for its conclusion:

- An earlier decision of the Court, Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947), "recognized that dismissal may not be barred solely because of the possibility of an unfavorable change in law." Piper Aircraft, 454 U.S. at 249 (footnote omitted).

- "Under Gilbert, dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice. If substantial weight were given to the possibility of an unfavorable change in law, however, dismissal might be barred even where trial in the chosen forum was plainly inconvenient." Id. (internal footnote omitted).

- The "Court's earlier forum non conveniens decisions . . . . repeatedly emphasized the need to retain flexibility. . . . If central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable." Id. at 249-50.

- "[I]f conclusive or substantial weight were given to the possibility of a change in law, the forum non conveniens doctrine would become virtually useless. Jurisdiction and venue requirements are often easily satisfied. . . . Ordinarily, . . . plaintiffs will select that forum whose choice-of-law rules are most advantageous. Thus, if the possibility of an unfavorable change in substantive law is given substantial weight in the forum non conveniens inquiry, dismissal would rarely be proper." Id. at 250.

- If, whenever a "foreign plaintiff named an American manufacturer as defendant, a court could not dismiss the case on grounds of forum non conveniens where dismissal might lead to an unfavorable change in law[,] . . . American courts, which are already extremely attractive to foreign plaintiffs, would become even more attractive. The flow of litigation into the United States would increase and further congest already crowded courts." Id. at 251-52 (internal footnotes omitted).[4]

_____

[4] In making this point, the Court also appropriately said that while "the possibility of a change in law unfavorable to the plaintiff should not be given substantial weight, we also necessarily hold that the possibility of a change in law favorable to defendant should not be considered." Piper Aircraft, 454 U.S. at 252 n.19.

8

The Otienos quote a passage from Piper Aircraft in their papers: "Of course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the . . . court may conclude that dismissal would not be in the interests of justice." Appellants' Br. 8 (alteration in original) (quoting Piper Aircraft, 454 U.S. at 254). But the full quote from Piper Aircraft is as follows:

> We do not hold that the possibility of an unfavorable change in law should never be a relevant consideration in a forum non conveniens inquiry. Of course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the district court may conclude that dismissal would not be in the interests of justice. In these cases, however, the remedies that would be provided by the Scottish courts do not fall within this category. Although the relatives of the decedents may not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly.

Piper Aircraft, 454 U.S. at 254-55 (emphasis in original) (internal footnote omitted). Far from being an expansive admonition against dismissal as the Otienos assert, the quotation is only a passing aside that a highly anomalous situation will permit (not require) the trial court to weigh the inadequacy of the remedy in the alternative forum. This point is made clear by the last sentence: even though Scottish law did not recognize strict liability in tort, only permitted wrongful-death actions when brought by a decedent's relatives, and only allowed relatives to sue only for "'loss of support and society,'" id. at 240 (footnote omitted), the Court specifically said that there was "no danger that they will be deprived of any remedy or treated unfairly," id. at 255.

Although not binding on us,[5] we find the reasoning of Piper Aircraft highly persuasive and adopt it. And in fact, there is already Indiana authority on point. In McCracken v. Eli Lilly

---

[5] Piper Aircraft did not purport to announce a rule of federal constitutional law, and the Supreme Court subsequently referred to forum non conveniens as a "common-law" doctrine. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 722 (1996) (citing Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994)). In any event, the Supreme Court noted that, in its forum non conveniens decisions, the state law of forum non conveniens dismissals had been "virtually identical to federal law." Piper Aircraft, 454 U.S. at 248 n.13.

& Co., the Court of Appeals affirmed a trial court's grant of a defendant's motion to dismiss under Trial Rule 4.4(C) on the ground that the United Kingdom was a more convenient forum:

> [A]lthough a potential products liability award to a plaintiff might be smaller in the United Kingdom and even though litigation there might be more expensive and more difficult, there appears no danger that the plaintiffs would be treated unfairly or be deprived of their remedy. Conversely stated, the present plaintiffs would have to demonstrate that the alternative forum is so inadequate or unsatisfactory that there is no remedy at all.

494 N.E.2d 1289, 1293 (Ind. Ct. App. 1986) (citing Ledingham v. Parke-Davis Div. of Warner-Lambert Co., 628 F. Supp. 1447, 1450 (E.D.N.Y. 1986)). The Ledingham case in turn relied on the Supreme Court's analysis in Piper Aircraft. In Ledingham, the trial court was asked to dismiss the plaintiff's lawsuit in favor of a Canadian forum. 628 F. Supp. at 1449. The court had evidence that Canada did not recognize a claim of strict products liability, did not permit representation of clients on a contingency-fee basis, and imposed an upper limit on the recovery of nonpecuniary general damages. Id. In ruling that these facts did not establish an "inadequate" forum, the court said:

> Faced with similar considerations, the Supreme Court held that the possibility that the law of the alternative forum will be less favorable to the plaintiff, while a factor, is not sufficient, alone, to bar dismissal on the ground of forum non conveniens. See Piper Aircraft, 454 U.S. at 247. The Court went on to state that:
>
>> [I]f the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the district court may conclude that dismissal would not be in the interests of justice.
>
> Id. at 254. See Dowling v. Richardson-Merrell, Inc., 727 F.2d 608, 613 (6th Cir. 1984).
>
> Thus, although plaintiff's potential damage award may be smaller in Canada, and although litigation there might be more expensive and more difficult, the Court finds that there is no danger that plaintiff will be deprived of a remedy or treated unfairly there. See Dowling, 727 F.2d at 615. . . . [T]he courts of Canada provide an adequate alternative forum for this litigation . . . .

<u>Ledingham</u>, 628 F. Supp. at 1449-50 (first and last alteration added).  <u>See</u> <u>also</u> Donald J. Carney, <u>Forum Non Conveniens in the United States and Canada</u>, 3 Buff. J. Int'l L. 117, 133-135 (1996) (discussing <u>Ledingham</u>).  Based on these authorities, we hold that a forum is "adequate" for purposes of Trial Rule 4.4(C) so long as the parties will not be deprived of all remedies or treated unfairly.

As noted above, the Otienos have supplied us with nine case citations from jurisdictions other than Indiana that they say support their contention that dismissal on the ground of <u>forum</u> <u>non</u> <u>conveniens</u> should be denied when the remedy in the alternative forum is inadequate.  We have reviewed these cases and they do not change our view.

Of the nine cases cited, five of them do not address the point the Otienos make here – that dismissal on the ground of <u>forum</u> <u>non</u> <u>conveniens</u> should be denied because the remedy in the alternative forum is inadequate.  Rather, each of them stands for the proposition that a trial court does not abuse its discretion when it denies dismissal on the ground of <u>forum</u> <u>non</u> <u>conveniens</u> where there was a material <u>practical impediment</u> (and not, to repeat, an inadequate remedy) to the nonmoving party litigating the claim in the alternate forum.  We set forth these cases and their respective practical impediments in the margin.[6]

---

[6] <u>See</u> <u>Manu Int'l, S.A. v. Avon Prods., Inc.</u>, 641 F.2d 62, 66-67 (2d Cir. 1981) (reversing trial court's dismissal where witnesses were already in plaintiff's chosen forum or could as easily be brought there as to Taiwan; translation problems were much more serious in Taiwan; plaintiffs "as a practical matter" would not go "to Taiwan, hire counsel there, and then try, without compulsory process, to get witnesses to go there from England, New York, and Belgium"); <u>Thomson v. Palmieri</u>, 355 F.2d 64, 66-67 (2d Cir. 1966) (upholding denial of dismissal where "[t]he central question [was] one of convenience, and . . . . plaintiff . . . [said] that it could not afford to bring the matter elsewhere"); <u>McKrell v. Penta Hotels (France), S.A.</u>, 703 F. Supp. 13, 14-15 (S.D.N.Y. 1989) (denying motion to dismiss where plaintiff lacked financial ability to litigate claim in France because she owed $10,000 in medical bills which she was unable to pay, her health insurance would expire soon, and she had assets of under $50); <u>Hodson v. A. H. Robins Co.</u>, 528 F. Supp. 809, 818 (E.D. Va. 1981) (denying motion to dismiss where attorneys in England were not permitted to accept a case on a contingent-fee arrangement; plaintiffs lacked sufficient funds to pursue actions in England and were unable to obtain legal aid), <u>aff'd</u>, 715 F.2d 142 (4th Cir. 1983), <u>disapproved on other grounds</u>, <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 527 n.6 (1988); <u>Fiorenza v. U.S. Steel Int'l, Ltd.</u>, 311 F. Supp. 117, 120 (S.D.N.Y. 1969) (denying motion to dismiss where attorneys in Bahamas were not permitted to accept a case on a contingent-fee arrangement and plaintiff could not prepay a retainer; plaintiff had no source of income, was unable to work, and was living with his brother who supported him).

Two of the nine cases cited by the Otienos combine a number of practical impediments with the adequacy of recovery as reasons for denying a dismissal on grounds of forum non conveniens. In Lehman v. Humphrey Cayman, Ltd., the court listed the plaintiff's argument (disputed by the defendant) that recoveries in the Cayman Islands for wrongful death generally do not exceed $5,000. 713 F.2d 339, 346 (8th Cir. 1983). But the court also listed several practical considerations – no contingent fees in the Cayman Islands; no resources on the part of the plaintiff to pay a retainer; absence of jury trial; requirement that the plaintiff post $1,000 bond, id. at 345-46 – as limiting the plaintiff's "ability as a practical matter to bring suit in the alternative forum," id. at 346 (citations omitted). To our issue, the court said "a plaintiff's showing of less favorable substantive law in the alternative forum is not to be given conclusive or even substantial weight in a forum non conveniens determination." Id. (citing Piper Aircraft, 454 U.S. at 247).

In Macedo v. Boeing Co., the court considered that punitive damages were not recoverable and that strict liability was not recognized in the alternative forum. 693 F.2d 683, 687-88 (7th Cir. 1982). But like the court in Lehman, the court gave most of its attention to practical concerns – plaintiffs in Portugal were required to pay substantial fees in advance; attorneys in Portugal were not permitted to accept a case on a contingent-fee arrangement; and the plaintiffs would be required to obtain translations for a very considerable amount of documentary proof. Id. at 690. The court found the alternative forum adequate: "The Supreme Court has told us that the absence of a strict liability principle and the probability of smaller damages do not make the remedy available in a foreign court inadequate." Id. at 688 (citing Piper Aircraft, 454 U.S. at 255).[7]

One of the nine cases, Zions First National Bank v. Moto Diesel Mexicana, S.A. de C.V., 629 F.3d 520 (6th Cir. 2010), is cited by the Otienos merely for the general proposition that dis-

---

[7] The plaintiff in Hodson, discussed in footnote 6, supra, argued against dismissal in part because the remedy available in England was inadequate and uncertain, although it did not specify in what way it was inadequate. 528 F. Supp. at 817. The court dealt with this argument in a footnote, giving "little weight to the plaintiffs' assertions that the remedy available in England is uncertain," because the defendants had agreed to pay any judgment rendered against them in an English court and Virginia choice-of-law rules dictated that the substantive law of England would be applied to determine the remedy if heard in Virginia. Id. at 819 n.8.

missal under <u>forum non conveniens</u> is proper when there is an adequate alternative forum and the factors outlined in <u>Gilbert</u> point in favor of dismissal.

This brings us to the final case cited by the Otienos, <u>Turgeon v. Naparstek</u>, a Massachusetts trial court decision (this is not an appellate decision) in which Massachusetts residents injured in an automobile accident in Quebec opposed the defendants' request that the court dismiss the case on the ground of <u>forum non conveniens</u>. Nos. 96-6357, 96-6570, 1999 Mass. Super. LEXIS 24 (Mass. Super. Ct. Jan. 19, 1999). The court concluded that

> because Quebec law does not recognize common law automobile negligence actions and limits compensation to a statutory cap, plaintiffs could not bring an action for the remedy they seek in Quebec. Where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the court may conclude that dismissal would not be in the best interests of justice. Although plaintiffs received benefits under Quebec's no-fault system, the scope of relief available under Massachusetts law is greater.

<u>Id.</u> at *11-12 (internal citations omitted).

To the extent that <u>Turgeon</u> stands for the proposition that the adequacy of an alternative forum requires "the scope of relief available" to be at least as great as in Massachusetts, we decline to adopt such a rule here. We believe <u>Piper Aircraft</u> states the better rule.

Applying the standard we adopted, <u>supra</u>, we affirm the trial court's finding that British Columbia is an "adequate" forum. British Columbia law allows the Otienos to pursue their wrongful-death cause of action and, as they admit, to recover some substantive damages, although we acknowledge that they may be nominal in value. There appears no danger that the Otienos would be treated unfairly or be deprived of their remedy. <u>See</u> <u>McCracken</u>, 494 N.E.2d at 1293.

The Otienos do not dispute any of the other findings of the trial court, so we dispense with the balancing of public and private interests at stake that is customary in a <u>forum non conveniens</u> determination. <u>See</u> <u>Piper Aircraft</u>, 454 U.S. at 241 & n.6 (identifying factors outlined in <u>Gilbert</u>, 330 U.S. at 508-09).

13

In Gilbert, Justice Jackson wrote of forum non conveniens:

> Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

330 U.S. at 508 (footnote omitted). Similarly, our Trial Rule 4.4(C) wisely entrusts the forum non conveniens decision to the trial court "under such reasonable conditions as the court in its discretion may determine to be just." We find no basis for questioning the trial judge's exercise of discretion here in granting the Defendants' motion to dismiss. Rather, it is overwhelmingly clear from his order that Judge Keele did exactly what Trial Rule 4.4(C) required of him.

## Conclusion

The judgment of the trial court is affirmed.

Dickson, C.J., and Rucker, David, and Massa, JJ., concur.