ATTORNEYS FOR APPELLANTS
Peter J. Rusthoven
Terri L. Bruksch
Michael R. Conner
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Eric C. Lewis
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1504-CT-225

DEPUY ORTHOPAEDICS, INC. AND
JOHNSON & JOHNSON,

*Appellants (Defendants below),*

v.

TRAVIS BROWN ET AL.,

*Appellees (Plaintiffs below).*

Appeal from the Marion Superior Court, No. 49D11-1202-CT-008271
The Honorable John F. Hanley, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1304-CT-332

**April 24, 2015**

**Massa, Justice.**

Plaintiffs Travis Brown et al. filed suit against DePuy Orthopaedics, Inc. in Marion Superior Court, alleging injuries related to certain hip replacement equipment. DePuy moved to transfer venue to Virginia and Mississippi on the grounds of *forum non conveniens*, pursuant to Indiana Trial Rule 4.4(C). The trial court denied the motion, and certified the question for interlocutory appeal. We find the trial court did not abuse its discretion under Rule 4.4(C), and thus affirm.

**Facts and Procedural History**

DePuy Orthopaedics is an Indiana corporation, and its principal place of business is located in Warsaw, Kosciusko County, Indiana. From 2005 to 2010, DePuy sold a prosthetic hip implant throughout the United States known as the ASR™ XL Acetabular System. Plaintiffs are nineteen individuals who had the ASR™ XL System implanted during hip replacement surgeries (eighteen in Virginia, one in Mississippi). Plaintiffs have filed suit in the Marion Superior Court, alleging negligence, breach of express and implied warranties, and fraudulent concealment, after DePuy issued a voluntary global recall on the ASR™ XL System. DePuy filed a motion to dismiss under Trial Rule 4.4(C),[1] asserting that Virginia and Mississippi were the proper fora. Following extensive briefing by both parties and oral argument, the trial court summarily denied DePuy's motion to dismiss. DePuy filed an interlocutory appeal, and the Court of Appeals reversed, finding that the trial court had abused its discretion in denying the motion, given the matter's stronger

---

[1] Trial Rule 4.4(C) states:

> Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.
>
> In the exercise of that discretion the court may appropriately consider such factors as:
> (1) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;
> (2) Convenience to the parties and witnesses of the trial in this state and in any alternative forum;
> (3) Differences in conflict of law rules applicable in this state and in the alternative forum; or
> (4) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

Ind. Trial Rule 4.4(C) (emphasis added).

connection to Virginia and Mississippi. DePuy Orthopaedics Inc. v. Brown, 10 N.E.3d 567, 575 (Ind. Ct. App. 2014). We now grant Plaintiffs' petition for transfer, thus vacating the opinion below. Ind. Appellate Rule 58(A). We affirm the trial court.

## Standard of Review

Pursuant to Trial Rule 4.4(C), the trial court exercises discretion with respect to motions to dismiss based on *forum non conveniens*, and our review is thus limited to abuse of that discretion. Anyango v. Rolls-Royce Corp., 971 N.E.2d 654, 656 (Ind. 2012).[2] Under an abuse of discretion

---

[2] In their pursuit of zealous advocacy, both parties attempt to describe this familiar standard to their advantage.

*First*, DePuy asserts that we "must independently review the record" using the factors listed in Trial Rule 4.4(C) because Judge Hanley's order denying DePuy's motion to dismiss was summary in nature. Appellant's Br. in Resp. to Pet. to Trans. at 2–3; see also Appellant's Br. at 10; Appellant's Reply Br. at 4. DePuy bases this argument on Hefty v. All Other Members of the Certified Settlement Class, 680 N.E.2d 843, 852 (Ind. 1997), where we held a heightened review was necessary under Trial Rule 23(E) because "a trial court is required to explore comprehensively all relevant factors when approving a class action settlement agreement," and had failed to do so. However, our court routinely applies the traditional abuse of discretion standard to summary denials by trial courts in discretionary contexts. See Santelli v. Rahmatullah, 993 N.E.2d 167, 175 (Ind. 2013), reh'g denied (Nov. 21, 2013) (applying abuse of discretion standard to summary denial of portion of motion to correct errors); Inman v. State Farm Mut. Auto. Ins. Co., 981 N.E.2d 1202, 1208 (Ind. 2012) (applying abuse of discretion standard to trial court's order on prejudgment interest which said nothing more than "Request for interest denied"). A summary denial is also distinct from where the trial court's *articulated* reasoning is contrary to law or otherwise in error, thus warranting reversal. See Alsheik v. Guerrero, 979 N.E.2d 151, 155 (Ind. 2012) ("In our opinion today in Inman, the trial court's order denying Inman's request for prejudgment interest was sufficient when it stated simply, 'Request for interest denied.' However, the trial court abuses its discretion if it has misinterpreted the law, which it has done in the present case.") (internal citations omitted); City of Elkhart v. Middleton, 265 Ind. 514, 518, 356 N.E.2d 207, 210 (1976) ("On an appeal which questions the exercise of judicial discretion it is necessary to evaluate the action of the trial court upon the reasons it specifically articulated, rather than to attribute to it some legitimate but unexpressed reason.").

review, "we presume that the trial court will 'act in accord with what is fair and equitable in each case,' and thus we will only reverse 'if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.'" Wright v. Miller, 989 N.E.2d 324, 330 (Ind. 2013) (citing McCullough v. Archbold Ladder Co., 605 N.E.2d 175, 180 (Ind. 1993)). We do not reweigh the evidence; rather, we determine whether the evidence before the trial court can serve as a rational basis for its decision. Matter of Grissom, 587 N.E.2d 114, 116 (Ind. 1992); Fry v. Schroder, 986 N.E.2d 821, 823 (Ind. Ct. App.) trans. denied, 989 N.E.2d 782 (Ind. 2013).

**The Trial Court Did Not Abuse Its Discretion in Denying DePuy's Motion to Dismiss Based on *Forum Non Conveniens*.**

Trial Rule 4.4(C) imposes no mandatory obligations upon trial courts in dismissing a case on *forum non conveniens* grounds; rather, the court *may* dismiss "under such reasonable conditions as the court in its discretion may determine to be just." See also Anyango, 971 N.E.2d at 663 (noting that "our Trial Rule 4.4(C) wisely entrusts the *forum non conveniens* decision to the trial court."). Moreover, Rule 4.4(C)'s enumerated list of factors is merely permissive, to the point of including a catch-all provision of "any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial." Accordingly, the trial court's summary

---

*Second*, Plaintiffs claim that "Indiana Courts have emphasized time and again that the underlying purpose of the doctrine of *forum non conveniens* is to 'permit a cause to be litigated in another state upon a showing that litigation in Indiana is so inconvenient that substantial injustice is likely to result.'" Appellee Br. at 10 (citing Freemond v. Somma, 611 N.E.2d 684, 691 (Ind. Ct. App. 1993)); see also Pet. to Trans. at 5. However, we expressly *rejected* this language in Anyango because it "conflict[s] with the explicit discretionary authority granted to the trial court in Trial Rule 4.4(C)." 971 N.E.2d at 656 n.2.

4

dismissal was adequate as a matter of law.[3]  See Inman, 981 N.E.2d at 1208 (holding summary rejection of request for interest was not an abuse of discretion under Ind. Code § 34–51–4–7, which states: "The court *may* award prejudgment interest as part of a judgment.") (emphasis added in Inman).

Our review is therefore limited to whether the decision was "clearly against the logic and effect of the facts and circumstances before the court."  Wright, 989 N.E.2d at 330.  The record on appeal reveals, at a minimum, the following facts supporting retaining Indiana as venue:

– DePuy is an Indiana corporation, whose principal place of business is in Indiana;
– DePuy is the responsible U.S. entity for the design, manufacture, label, distribution, marketing and sale of the ASR™ XL System;
– Indiana has a "manifest interest" in hearing disputes involving its citizens.  See generally JPMorgan Chase Bank, N.A. v. Desert Palace, Inc., 882 N.E.2d 743, 752 (Ind. Ct. App. 2008); McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957);
– Plaintiffs chose to file suit against DePuy in its home state, and their choice of forum is entitled to deference.[4]  Employers Ins. of Wausau v. Recticel Foam Corp., 716 N.E.2d 1015, 1021 (Ind. Ct. App. 1999);

---

[3] It should be noted, however, that when *granting* a motion to dismiss based on *forum non conveniens*, the trial court should provide at least some discussion of its rationale, and addressing the enumerated factors in Trial Rule 4.4(C) would be prudent.  See Anyango, 971 N.E.2d at 657 (upholding dismissal where trial court's "order granting the Defendants' dismissal motion addressed each of the enumerated factors in Trial Rule 4.4(C)").

[4] DePuy argues that Plaintiffs' choice of forum deserves no deference because Plaintiffs are not Indiana citizens or residents, and thus they have sued outside their "home forum," akin to a foreign plaintiff.  Resp. to Pet. to Trans. at 4–5 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–56 (1981)).  A plaintiff's choice of forum, however, is *inherently* entitled to deference.  See Euler v. Seymour Nat. Bank, 519 N.E.2d 1242, 1245 (Ind. Ct. App. 1988) ("A plaintiff has the right to select an appropriate forum in which to litigate

– At least seventeen depositions have already been conducted in Indiana;

– No evidence was presented that any witnesses located in Virginia or Mississippi will be unwilling or unable to come to Indiana to give testimony; and

– Although there are differences between the laws of Indiana, Virginia and Mississippi with respect to product liability, Indiana courts are capable of interpreting and applying those differences without significant difficulty.[5] See, e.g., Restatement (Second) of Conflict of Laws § 6(2)(g) (1971) (stating that an appropriate choice-of-law consideration is "ease in the determination and application of the law to be applied"); Anyango, 971 N.E.2d at 658 (sustaining the motion to dismiss in part because the trial court "anticipated that there will be significant problems in dealing with resolving the application of Canadian law").

We agree with DePuy that there is, indeed, ample evidence supporting venue in Virginia or Mississippi rather than Indiana. That does not mean, however, that we are entitled to reweigh the evidence on appeal. The record here reveals sufficient evidence for the trial court to have reasonably concluded that Indiana was the appropriate forum for this litigation, and thus the trial court did not abuse its discretion.

his claim and, once he has selected that forum, his choice should be given great weight."); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("The court will weigh relative advantages and obstacles to fair trial. . . . But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). We relax that deferential standard with respect to foreign plaintiffs because every U.S. jurisdiction is presumptively equally convenient. See Anyango, 971 N.E.2d at 658 ("A foreign citizen that chooses Indiana as a forum rather than his own nation is entitled to a substantially diminished presumption that Indiana is a convenient forum.").

[5] We note that the Court of Appeals expressed with remarkable clarity the differences in the applicable law between these jurisdictions. See Brown, 10 N.E.3d at 573–74.

## Conclusion

For the foregoing reasons, we affirm the trial court's denial of DePuy's motion to dismiss based on *forum non conveniens*, and remand this case to the trial court for further proceedings.

Rush, C.J., and Dickson, Rucker, and David, JJ., concur.